**STATE of Iowa, Appellee,**

v.

**Carl Gordon RAMSEY, Appellant.**

No. 88–1354.

Supreme Court of Iowa.

Aug. 16, 1989.

Bobbi M. Alpers, Davenport, for appellant.

Thomas J. Miller, Atty. Gen., Julie A. Halligan, Asst. Atty. Gen., William E. Davis, County Atty., and Realff H. Ottesen, Asst. County Atty., for appellee.

Considered by LARSON, P.J., and CARTER, NEUMAN, SNELL, and ANDREASEN, JJ.

NEUMAN, Justice.

Carl Ramsey was convicted by a jury of the crimes of first-degree kidnapping, attempted murder, and robbery. On appeal, he challenges the trial court's refusal to direct a verdict in his favor on the kidnapping charge, claiming insufficient record evidence on the "removal" element of the offense. See Iowa Code § 710.1 (1987) (kidnapping defined). In the alternative, Ramsey contends that the kidnapping statute, as applied to him under the facts of this case, is unconstitutionally vague. We affirm.

As we consider Ramsey's challenge to the trial court's denial of his motion for directed verdict, "we examine the whole record in the light most favorable to the State, accept all legitimate inferences permitted by the evidence, and uphold the jury's finding when there is substantial evidence to support it." *State v. Newman*, 326 N.W.2d 788, 790–91 (Iowa 1982). The State's case rested largely on the testimony of Ramsey's girlfriend, Cristal Jones, and the victim, James Clark. Cristal testified that on April 16, 1988, Ramsey and two friends spent the evening on the street in Davenport, Iowa, drinking and plotting ways to get out of town. They eventually settled on a plan to ask a stranger for a ride, shoot him, and then steal his car and drive to California. After raising some cash by selling one of the two guns in their possession, they set out to find a victim.

The trio observed James Clark sitting in his truck in front of a tavern. Ramsey approached the truck and asked Clark whether he would give Ramsey and his buddies a ride to a party in Bettendorf, approximately three miles away. Clark willingly obliged. He even accepted five dollars for fuel. Cristal, meanwhile, ran

off to inform the police of what Ramsey and his accomplices were planning.

Clark testified that at no time during the trip to Bettendorf was he threatened with a weapon or made to feel in any danger. When he and his passengers reached a rural residence that was supposedly the location of the "party," Clark stopped his vehicle and turned off the ignition. He reported that suddenly his hands got "tight" and he "saw yellow." This is the last thing Clark remembered until he "woke up" three weeks later, having miraculously survived a gunshot wound from a bullet fired point blank to the back of his head.

Based on this record, Ramsey claims there is insufficient evidence to support a conviction for kidnapping. The State was required to prove, among other things, that the defendant "confine[d] a person or remove[d] a person from one place to another. . . ." Iowa Code § 710.1; *see also State v. Hatter,* 414 N.W.2d 333, 335 (Iowa 1987). Ramsey contends that because Clark willingly drove himself to the scene of his attempted murder, Ramsey cannot be held accountable for having "removed" him.

■ In essence, Ramsey asks this court to reject the "kidnapping by deception" theory adopted by the court of appeals in *State v. Coen,* 382 N.W.2d 703, 713 (Iowa App.1985). We decline to do so. As the court observed in *Coen,* Iowa's kidnapping statute "does not require confinement or removal to be substantial or forcible." *Id.* Following a long line of kidnapping cases which have wrestled with the issue of whether the asportation is an independent crime or merely movement incidental to some other felony, the *Coen* court concluded that "[t]he harm the kidnapping statute is designed to prevent is the removal of a victim from one place to another with attendant increased risks to the victim." *Coen,* 382 N.W.2d at 713. The distinctive operative fact in *Coen* was the defendant's removal of the victim to a remote location by deception, rather than by force or threat. As in the present case, the "deceptive ploy and the resultant transport" exceeded the movement reasonably associated with the crime of murder. *See id.* We share the *Coen* court's view that it is im-

material, insofar as proof of "removal" is concerned, that the defendant deceived the victim into accompanying him to the place of danger.

■ For essentially the same reason, we reject Ramsey's due process vagueness challenge. He contends that because the word "deception" is not used in section 710.1, it cannot form the basis upon which his conviction rests. Ramsey is confusing means with ends, however. Ramsey's intent, as expressed by his girlfriend and logically inferred from subsequent events, was to remove an innocent person to a remote location, shoot him, and steal his car. Whether the removal was accomplished by force or artful deception, the end result remains the same.

The question is whether section 710.1 gives a person of ordinary intelligence fair notice of what is prohibited and provides an explicit standard for those who apply it. *See State v. Pierce,* 287 N.W.2d 570, 573 (Iowa 1980). The statute expressly prohibits the removal of a person, without the consent of the person removed, with the intent to inflict serious injury. *See* Iowa Code § 710.1(3). The means by which the removal element is accomplished need not be articulated with precision in order to pass constitutional muster. *See Newman,* 326 N.W.2d at 792. Prior judicial decisions or generally accepted usage may furnish sufficient notice to the defendant of what conduct is prohibited. *Id.* We think that standard is sufficiently met here. Both the dictionary definition of kidnapping and the *Coen* decision convey the commonly recognized evil sought to be remedied by section 710.1. *See Webster's Ninth New Collegiate Dictionary* 661 (1986) (defining kidnapping as "to carry away by unlawful force or *fraud*" (emphasis added)); *Coen,* 382 N.W.2d at 713. Ramsey's argument to the contrary is without merit.

AFFIRMED.

All Justices concur except CARTER, J., who concurs in the result.