IN THE SUPREME COURT OF IOWA

 No. 148 / 03-0823

 Filed February 10, 2006

STATE OF IOWA,

 Appellee,

vs.

JOHN MICHAEL BOLSINGER,

 Appellant.

 On review from the Iowa Court of Appeals.

 Appeal from the Iowa District Court for Scott County, James E. Kelley
and David E. Schoenthaler, Judges.

 Defendant appeals from convictions of three counts of third-degree
sexual abuse under Iowa Code section 709.4(1) (2001), three counts of
sexual exploitation by a counselor under Iowa Code section 709.15(2), and
three counts of sexual misconduct with juvenile offenders under section
709.16(2). DECISION OF COURT OF APPEALS VACATED; JUDGMENT OF DISTRICT
COURT AFFIRMED IN PART AND REVERSED IN PART; CASE REMANDED.

 Murray W. Bell of Murray W. Bell, PC, Davenport, for appellant.

 Thomas J. Miller, Attorney General, Sheryl A. Soich, Assistant
Attorney General, William E. Davis, County Attorney, and Julie Walton,
Assistant County Attorney, for appellee.

LARSON, Justice.
 John Michael Bolsinger appealed his convictions of third-degree
sexual abuse under Iowa Code section 709.4(1) (2001), sexual exploitation
by a counselor under Iowa Code section 709.15(2), and sexual misconduct
with juvenile offenders under Iowa Code section 709.16(2). Bolsinger was
sentenced to a combination of concurrent and consecutive sentences totaling
a term not exceeding thirty-seven years. The court of appeals affirmed,
and we granted further review. We vacate the decision of the court of
appeals, reverse his conviction for sexual abuse, affirm the remainder of
the convictions, and remand.
 I.  Facts and Prior Proceedings.
 Bolsinger was the program supervisor of a highly structured state
facility for delinquent boys, the Wittenmyer Youth Center, in August 2001
when the Iowa Department of Human Services (DHS) conducted an investigation
into allegations of sexual abuse by Bolsinger. The investigation revealed,
through interviews with past and present youth at the camp, that Bolsinger
would take boys into a private room and touch their genitals, saying he was
checking for bruises, scratches, hernias, and testicular cancer. The
testimony of the boys revealed that Bolsinger asked permission to touch
them in this way and that he did not appear to them to be gaining any
sexual gratification from the touching. The boys testified that they were
not aware that they were being touched in a sexual manner, and they would
not have consented if they had known the true reason for the touching.
However, they also testified that, given the nature of the structured
program, it was almost impossible for them to make choices of their own or
to refuse the request of an instructor.
 Following the DHS investigation, Davenport police officers obtained a
search warrant for Bolsinger’s home and seized a number of items, including
the defendant’s home computer. The computer’s hard drive contained, among
other things, numerous stories involving unidentified males engaging in sex
acts with each other. Prior to trial, Bolsinger filed a motion to suppress
evidence seized from his home, which was denied by the court.
 II.  Issues.
 Bolsinger’s appeal raises three issues: (1) the court’s
interpretation of Iowa Code section 709.4(1) (third-degree sexual abuse),
(2) its denial of his motion to suppress, and (3) its refusal to direct
verdicts in his favor on all counts on the basis his acts were not “sex
acts” under the Code. Bolsinger raises other issues, which we do not
expressly discuss because their resolution is subsumed in other holdings in
this case.

 III.  Interpretation of Iowa Code Section 709.4(1) (Third-Degree
Sexual Abuse).

 Under Iowa Code section 709.4,

 [a] person commits sexual abuse in the third degree when the
 person performs a sex act under any of the following circumstances:

 1.  The act is done by force or against the will of the other
 person, whether or not the other person is the person’s spouse or is
 cohabiting with the person.

In applying the “force or against the will” language of section 709.4, the
court submitted Instruction No. 21:

 Concerning [the third-degree sexual abuse counts] the State must prove
 that the defendant committed a sex act “by force or against the will”
 of the alleged victim in that Instruction. In order to do so,
 however, the State does not have to prove that the alleged victim
 physically resisted the defendant’s acts. The force used by the
 defendant does not have to be physical. An act may be done “by force
 and against the will” of another if the other’s consent or
 acquiescence is procured by:

 1.  threats of violence; or

 2.  deception, which may include deception concerning the nature of
 the act or deception concerning the defendant’s right to exercise
 authority over the other under the circumstances.

 You may consider all of the circumstances surrounding the defendant’s
 act in deciding whether the act was done by force or against the will
 of the alleged victim.

(Emphasis added.)
 The court stated that its authority for giving this instruction was
found in Iowa Code section 709.5, which provides:

 Under the provisions of this chapter it shall not be necessary
 to establish physical resistance by a person in order to establish
 that an act of sexual abuse was committed by force or against the will
 of the person. However, the circumstances surrounding the commission
 of the act may be considered in determining whether or not the act was
 done by force or against the will of the other.

(Emphasis added.) The court also relied on the case of State v.
Vander Esch, 662 N.W.2d 689 (Iowa Ct. App. 2002). In Vander Esch the
defendant, an owner of a pizza restaurant, employed teenage boys. He
informed two of these employees that he was doing a scientific research
project and asked them to provide him semen samples for this purpose. He
promised to pay $50 for the samples should their sperm count be high
enough. Vander Esch was present during the procedure and took possession
of the semen samples. Vander Esch, 662 N.W.2d at 691. Vander Esch was not
authorized by any scientific body to collect semen samples, and the victims
indicated that they would not have consented to these acts had they known
that no scientific research existed. Id. Vander Esch was charged with
four counts of third-degree sexual abuse under Iowa Code section 709.4(1).
He argued that the definition of sexual abuse, as set out in Iowa Code
section 709.1(1), set forth the only means recognized in Iowa to negate
consent and that neither fraud nor deceit did so. Id. at 691.
 Our examination of the issue must begin with Iowa Code section
709.1(1), which defines sexual abuse and provides that certain
circumstances will vitiate a victim’s consent:

 Any sex act between persons is sexual abuse by either of the
 persons when the act is performed with the other person in any of the
 following circumstances:

 1.  The act is done by force or against the will of the other.
 If the consent or acquiescence of the other is procured by threats of
 violence toward any person or if the act is done while the other is
 under the influence of a drug inducing sleep or is otherwise in a
 state of unconsciousness, the act is done against the will of the
 other.

In Vander Esch the district court ruled that, in view of the fact that Iowa
Code section 709.5 permits the consideration of all surrounding
circumstances, section 709.1(1) is not exclusive and fraud and deception
may vitiate consent. The court of appeals upheld that decision,
classifying the fraud in question as fraud in fact, as opposed to fraud in
the inducement (concepts we later discuss), and therefore, the act was done
“by force or against the will” of the boys.
 Bolsinger argues that the acts which occurred were hand-to-genital
contact, which was expressly agreed to by the boys. He argues that his
unexpressed purpose, apparently sexual gratification, was collateral to the
act itself and, therefore, constituted fraud only in the inducement. As
such, the fraud does not vitiate consent, according to him. Bolsinger also
argues that Vander Esch, relied on by the court of appeals (which divided
four to four on the question) and the district court in the present case,
was incorrectly decided and should be overruled. Bolsinger argues that
Vander Esch erroneously characterized the consent to semen sampling as
being produced by fraud in fact, and therefore, any consent was vitiated.
 If an act is done that is different from the act the defendant said
he would perform, this is fraud in fact. If the act is done as the
defendant stated it would be, but it is for some collateral or ulterior
purpose, this is fraud in the inducement. Fraud in fact vitiates consent;
fraud in the inducement does not. See Rollin M. Perkins & Ronald N. Boyce,
Criminal Law ch. 9, § 3, at 1079 (3d ed. 1982) [hereinafter Perkins &
Boyce]. In other words,

 if deception causes a misunderstanding as to the fact itself (fraud in
 the factum) there is no legally-recognized consent because what
 happened is not that for which consent was given; whereas consent
 induced by fraud is as effective as other consent, so far as direct
 and immediate legal consequences are concerned, if the deception
 relates not to the thing done but merely to some collateral matter
 (fraud in the inducement).

Id.; accord Wayne R. LaFave, Substantive Criminal Law § 6.5(a), at 506 (2d
ed. 2003) (stating that “fraud in the factum involves a form of deception
which results in a misunderstanding by the victim as to the very fact of
the defendant’s conduct”).
 Cases illustrating fraud in fact have often involved victims
undergoing medical examination or treatment. In many cases, the victims
consented to an examination, only to find that the doctor engaged in sex
acts. See, e.g., People v. Ogunmola, 238 Cal. Rptr. 300, 304 (Cal. Ct.
App. 1987) (patient who consented to gynecological examination was in fact
subjected to a sex act; consent held to be vitiated); McNair v. State, 825
P.2d 571, 575 (Nev. 1992) (sex acts under pretense of performing medical
examination held to be against the will of the victim). See generally
regarding fraud in fact in “doctor” cases, Jay M. Zitter, Annotation:
“Conviction of Rape or Related Sexual Offenses on Basis of Intercourse
Accomplished Under the Pretext of, or in the Course of, Medical Treatment,”
65 A.L.R.4th 1064 (1988); 75 C.J.S. Rape § 22, at 334 (2002). One treatise
discusses fraud in these cases:

 In some of these cases the doctor has not hesitated to make it clear
 that he intended to have sexual intercourse with the patient, his
 fraud being in the deceitful suggestion that this was necessary to
 cure some malady, which was fraud in the inducement, since the patient
 knew exactly what was to be done and was deceived only in regard to a
 collateral matter—the reason why it was to be done. And here as usual
 the direct and immediate consequence of consent obtained by fraud in
 the inducement is the same as consent given in the absence of fraud,
 and since the patient consented to the intercourse it was not rape so
 long as she was over the statutory age.

Perkins & Boyce, ch. 9, at 1079-80.
 Bolsinger argues that each of these young men was told what the
touching would consist of and that they were then touched in the exact
manner they expected. Thus, he argues, any fraud was fraud in the
inducement, not fraud in fact.
 In Bolsinger’s case, if the boys had consented to acts such as
massaging their legs and instead Bolsinger had touched their genital area,
this would clearly be fraud in fact; they would have consented to one act
but subjected to a different one. That is not the case, however. We
conclude that the consents given here were based on fraud in the
inducement, not on fraud in fact, as the victims were touched in exactly
the manner represented to them. The consents, therefore, were not
vitiated.
 In reaching this conclusion, we do so based on the authorities
discussed above and not on Bolsinger’s alternative argument that Iowa’s sex
abuse law in effect provides no way to vitiate consent based on fraud.
This argument, based on the doctrine of inclusio unius est exclusio
alterius, is that the Code sets out a limited list of circumstances under
which consent may be vitiated. These include the victim’s age (Iowa Code
section 709.4(2)(b) and (c)), a mental defect or incapacity (Iowa Code
section 709.4(2)(a) and (4)), a physical incapacity (Iowa Code section
709.4(4)), and the influence of controlled substances (Iowa Code section
709.4(3)). Contrary to Bolsinger’s argument, we believe that these are not
the only circumstances in which consent can be vitiated and that fraud in
fact should be held to vitiate consent in sexual abuse cases just as it
does in any other criminal case. We rejected a similar inclusio unius est
exclusio alterius argument in State v. Ramsey, 444 N.W.2d 493 (Iowa 1989),
which involved a statute prohibiting the removal of a person without their
consent. We held that deception by the defendant vitiated the victim’s
consent.

 [The defendant] contends that because the word “deception” is not used
 in section 710.1, it cannot form the basis upon which his conviction
 rests. Ramsey is confusing means with ends, however. Ramsey’s intent,
 as expressed by his girlfriend and logically inferred from subsequent
 events, was to remove an innocent person to a remote location, shoot
 him, and steal his car. Whether the removal was accomplished by force
 or artful deception, the end result remains the same.

Id. at 494. Ramsey involved fraud in fact; the victim agreed to give the
defendant a ride, not to be shot in the back of the head. Id. at 493-94.
 Our conclusion that the boys’ consent in this case was based on fraud
in the inducement and not fraud in fact calls into question the court of
appeals case of Vander Esch. In fact, in the four-to-four decision by the
court of appeals in Bolsinger’s appeal, four members of that court urge us
to overrule Vander Esch. We now hold that Vander Esch is no longer
controlling because the facts on which that case was based clearly show
fraud in the inducement, not fraud in fact.
 IV.  Remaining Issues.
 Bolsinger raises several additional issues, which, if resolved in his
favor, would result in a reversal of all convictions—sexual exploitation by
a counselor and sexual misconduct with a juvenile offender, as well as
third-degree sexual abuse. He claims (1) the fruits of the search of his
home should have been suppressed; and (2) in any event, his actions were
not “sex acts” under the Code.
 A.  The search warrant. Bolsinger contends the search of his home
was illegal because the search warrant was invalid, and in any event, the
officers executing it did so improperly. We review rulings on motions to
suppress based on alleged Fourth Amendment violations de novo. State v.
Turner, 630 N.W.2d 601, 606 (Iowa 2001).
 Bolsinger contends the search warrant lacked probable cause, was
based on false statements in the application, and was overbroad. We have
considered the record and the defendant’s arguments on the legality of the
search warrant and on the execution of it and conclude the warrant was
based on probable cause, was not based on false statements, and was not
overbroad. Further, we conclude the officers properly executed the
warrant. We reject Bolsinger’s motion-to-suppress issue.
 B.  Were these “sex acts” under the applicable statutes? The
defendant contends that the district court erred in denying his motion for
directed verdict as to all charges because “sex acts,” under the Code, were
not proved. We have already determined that Bolsinger’s conviction of
third-degree sexual abuse cannot stand. The remaining charges, sexual
abuse by a counselor or therapist and sexual misconduct with offenders,
both require proof of sex acts. Bolsinger argues that none of the young
men testified there was anything sexual going on and that the evidence was
insufficient to establish the existence of sex acts. The jury was
instructed, based on Iowa Code section 702.17, that a “sex act” is

 [a]ny sexual contact between the fingers or hand of one person and the
 genitals or anus of another person. ‘Genitals’ include the scrotum
 and penis. You may consider the type of contact and the circumstances
 surrounding it in deciding whether the contact was sexual in nature.

We believe there was substantial evidence to support the jury’s finding
that sex acts had been committed. Direct evidence is not required.

 The sexual nature of the contact can be determined from the type
 of contact and the circumstances surrounding it. . . .

 . . . Other relevant circumstances include but are not limited
 to the relationship between the defendant and the victim; whether
 anyone else was present; the length of the contact; the purposefulness
 of the contact; whether there was a legitimate, nonsexual purpose for
 the contact; where and when the contact took place; and the conduct of
 the defendant and victim before and after the contact.

State v. Pearson, 514 N.W.2d 452, 455 (Iowa 1994). T he evidence shows
that Bolsinger was acting outside the scope of his duties, his actions took
place in private, and he did not document these procedures, contrary to the
policy at Wittenmyer. Bolsinger had no medical training other than
information he had received in school on testicular cancer and self-
examination and was in a position of power over the victims. Considered in
light of this evidence a rational finder of fact could conclude that
Bolsinger committed sex acts under the guise of performing medical
examinations. The trial court did not err in overruling his motions for
judgment of acquittal on the charges of sexual abuse by a counselor or
sexual misconduct with offenders.
 We reverse the convictions for third-degree sexual abuse and affirm
the remaining convictions. We remand for resentencing without regard to
the third-degree sexual abuse convictions under Iowa Code section 709.4(1).

 DECISION OF COURT OF APPEALS VACATED; JUDGMENT OF DISTRICT COURT
AFFIRMED IN PART AND REVERSED IN PART; CASE REMANDED.