CaeutiieRS, J.,
delivered the opinion of the court.
This is an indictment for burglary, in the circuit court of Dickson county. The first count" charges an intent to commit larceny; the second, to commit a rape upon the body of Mrs. Catherine Francis Evans, a free white woman; and the third, an assault with intent to commit a rape upon Mrs. Evans.
It was proved that the prisoner forced the door of the dwelling house of the prosecutor, in which he and his wife were sleeping, about 11 or 12 o’clock, at night; that he approached the bed in which they were sleeping, and put his hand upon her, which aroused her from sleep, and she gave the alarm, when the prisoner fled; the prosecutor pursuing him with his dogs and gun, until he overtook, shot, and disabled him.
The error alleged, and relied upon for a new trial, is, in that part of the judge’s charge to the jury, which is in these words: “ If the jury believe that the 'defendant attempted, cither by force, or by fraudulently inducing the prosecutor’s wife, to believe that it was her husband, and thereby to have carnal knowledge of her, that then they ought to find him aniiltv.”
*396 Tbe jury find a general verdict of guilty. They make no reference in their verdict to the separate counts; nor are they informed in the charge that they would have a right to find separately, and differently on the several counts. "We cannot know, therefore, whether they would have found a verdict of guilty, or not guilty, on the first count. If that had been the verdict, it would not have been material, whether the above charge on .the other counts, was correct or not. We cannot, therefore, know, but that the general conviction was based on the second or third counts. If that were so, it becomes vitally material to decide whether the law is correctly laid down in the part of the charge above extracted. We agree with the Attorney General, that the moral turpitude of the crime would be as great, when perpetrated by fraud and deception, as by force. If we had the power to make the law on that subject, we would not hesitate to have it as charged by his honor, the circuit judge; and we doubt not, but that the legislature will so enact, whenever the case is brought to their attention. In the black catalogue of crimes, there is none which so shocks all men as the one under consideration; none should be more severely punished. But, we cannot permit even a slave to be punished, without the full benefit of the law, as it is, either under the influence of popular feeling, or our own abhorrence at his acts. The question with us, should ever be, not what the offence deserves, nor what our feelings and individual opinions would dictate, but “what sayeth the law.”
We need not now go back into the books of the common law for a definition of felonies; they are given in our penitentiary code, act of 1829, ch. 23. It declares, § 19, *397 that “ burglary is the breaking and entering into a mansion house by night, with intent to commit a felony.” § 13: “ Rape is the unlawful carnal knowledge of a woman, forcibly, and against her will.” § 53: “Any assault and battery upon any female, with intent forcibly, and against her will, to have unlawful carnal knowledge of such female,” is a felony. By the act of 1819, ch. 35, § 1: “ Murder, arson, burglary, rape, and robbery, shall, when committed by a slave, be deemed capital offences, and be punished with death; provided, that the punishment in no case, shall extend to life of limb, except in the cases above enumerated.” Car. & Nich. 679. By the act of 1835, ch. 19, § 10, it is enacted, “that any slave, who shall commit an assault or battery upon any free white person, with an intent to commit murder in the first degree; or a rape upon a free, white woman, shall, on conviction, be jmnished with death by hanging.” Car. & Nich., 683. The act of 1833, ch. 75, is to the same effect, except that it applies to free negroes, as well as slaves; but seems to require, in addition to the assault, that some violence to the person must be committed, to constitute the offence.”
An asault, then, with intent to commit a rape, is a capital felony in a slave. But what is the offence that he must intend to commit? It is rape; and the law defines that crime to be the forcible ea/rnal knowledge of a female. To break into, and enter a mansion house by night, “writh intent to commit a felony,” is burglary, which is a capital offence in a slave. The intent to commit a rape, or to make an assault with that intent, is a capital felony in a slave. But the intent is as essential as the act, to constitute that felony; and to make out that felony, the intent must be, to have the unlawful *398 carnal knowledge of the woman, “forcibly, and against her will.” But the law is laid down differently in the charge, in this case. Actual force is excluded, as an essential element of the crime. His honor declares the law to be, that if his intent was, to accomplish his object by fraudulently inducing the lady to believe he was her husband, and in that way attempted to have carnal knowledge of her, the offence would be complete.
The idea of force, as one ingredient of the offence, according to all the definitions in our acts, and in all the criminal authorities, is entirely discarded in the instruction to the jury, and was well calculated to mislead them. We do not pretend to give, or enunciate any opinion, on the sufficiency, or. insufficiency of the proof in this case, to produce a conviction upon a correct charge of the law, uj>on all, or any one of the counts in this indictment. That will be determined by another jury, under a charge of the law as here expounded and settled. If he has forfeited his life, let it be legally taken, and the law will be thereby honored, and public justice sustained. .
To these conclusions, we are. brought by an exposition of our own acts of assembly. But we find the same principles, laid down in the decided cases, and the works on criminal law, to which we will only refer; 1 Russell on Crim’s, 677; Roscoe Cr. Ev., 798; Saunders’ case, Eng. Com. Law Rep., vol. 34, p. 383; and Williams’ case, same, 392; Fields’ case, 4 Leigh, 648; 3 Chitty Cr. Lawr, 810. In most of these cases, the precise point of this case came up, and vras decided, as -we now decide the question. The current of authority is almost, if not entirely unbroken, on the subject. There is no respectable conflicting authority known, to us. Fraud and strat- *399 ágem, tlien, cannot be substituted for force, as an element of this offence, according to the existing law.
"We. are, then, constrained, for this error in the charge, to reverse the judgment, and remand the defendant for a new trial.