## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Terrance Culbreath

### April 4, 1995

### Case No. (Criminal) 88103

BY JUDGE RICHARD J. JAMBORSKY

This case came before the Court on Friday, March 31, 1995, on defense counsel's motion to dismiss the indictment. The defendant is allegedly a principal in the second degree to rape by fraud. The facts were not disputed. The Court withheld ruling on the motion and invited the Commonwealth and the Defense to submit any additional factual consideration or legal authority prior to the Court's ruling on this date. The invitation was declined.

Although the Court deplores Defendant's alleged actions and regrets the victim's suffering, the Court has no choice but to grant Defendant's motion to dismiss the indictment. The law in Virginia and in the majority of states is that no rape occurs where a person impersonates another in order to obtain the victim's consent to sexual intercourse.

Va. Code Ann. § 18.2-61(A) (Michie 1988 and 1994 Supp.) provides:

> If any person has sexual intercourse with a complaining witness who is not his or her spouse or causes a complaining witness, whether or not his or her spouse, to engage in sexual intercourse with any other person and such act is accomplished (i) against the complaining witness's will, by force, threat, or intimidation of or against the complaining witness or another person, or (ii) through the use of the complaining witness's mental incapacity or physical helplessness, or (iii) with a child under age thirteen as the victim, he or she shall be guilty of rape.

Neither the above statute nor any Virginia cases interpreting the statute conclude that a rape is committed where consent is obtained by fraud. Most of the Virginia cases interpreting the consent prong of the statute address what resistance, if any, a victim must provide against her assailant in order for her to negate consent.

In *Ming v. Commonwealth*, 85 Va. 638, 640 (1889), the Supreme Court of Virginia held that it is not necessary for the victim of a rape to offer positive resistance to prove she did not consent. In support of this proposition, however, the court cited 2 Bish. Crim. Law, § 1078, which addresses the issue of fraudulently induced consent: "wherever there is a carnal connection without anything which can be deemed a consent — where there is neither a *consent fraudulently procured*, nor any other sort of consent — by the woman, there is evidently . . . all the force which the law demands as an element of the crime." *Ming* at 640 (emphasis supplied).

2 Bish. Crim. Law, § 1078, also states "supposing a consent to the [carnal] connection to have been given, it protects the defendant against a charge of rape, *even if he obtained it by some fraudulent practice*" (emphasis supplied). Although the *Ming* court did not cite this sentence, it appears just two sentences prior to the *Ming* citation and provides the context for the sentence the Court cited. In light of the fact that the court neither discussed nor objected to the view that fraudulently induced consent does not constitute rape, it is clear that the Virginia Supreme Court endorsed the view. More recent Virginia cases have either cited or made reference to the *Ming* citation and none have questioned the assumption that a rape is not committed where consent is obtained by fraud. (See *Jones v. Commonwealth*, 219 Va. 978, 986 (1979), and *Davis v. Commonwealth*, 186 Va. 936, 946 (1947).)

Although a few states have determined that a person is guilty of rape if they fraudulently induce another to consent to sexual intercourse,[1] the vast majority of states have rejected this proposition. Since the limited scope of § 18.2-61(A) prevents the courts from providing protection against the behavior at issue in the instant case, perhaps the legislature will address the problem.

---

[1] See *State v. Atkins*, 292 S.W. 422 (Mo. 1926); *State v. Williams*, 37 S.E. 952 (N.C. 1901); *People v. Quinlan*, 596 N.E.2d 28 (Ill. App. Ct. 1992); *McNair v. State*, 825 P.2d 571 (Nev. 1992).