STATE of Iowa, Appellee,

v.

John Michael BOLSINGER, Appellant.

No. 03–0823.

Supreme Court of Iowa.

Feb. 10, 2006.

Murray W. Bell of Murray W. Bell, PC, Davenport, for appellant.

Thomas J. Miller, Attorney General, Sheryl A. Soich, Assistant Attorney General, William E. Davis, County Attorney, and Julie Walton, Assistant County Attorney, for appellee.

LARSON, Justice.

John Michael Bolsinger appealed his convictions of third-degree sexual abuse under Iowa Code section 709.4(1) (2001), sexual exploitation by a counselor under Iowa Code section 709.15(2), and sexual misconduct with juvenile offenders under Iowa Code section 709.16(2). Bolsinger

was sentenced to a combination of concurrent and consecutive sentences totaling a term not exceeding thirty-seven years. The court of appeals affirmed, and we granted further review. We vacate the decision of the court of appeals, reverse his conviction for sexual abuse, affirm the remainder of the convictions, and remand.

## I. *Facts and Prior Proceedings.*

Bolsinger was the program supervisor of a highly structured state facility for delinquent boys, the Wittenmyer Youth Center, in August 2001 when the Iowa Department of Human Services (DHS) conducted an investigation into allegations of sexual abuse by Bolsinger. The investigation revealed, through interviews with past and present youth at the camp, that Bolsinger would take boys into a private room and touch their genitals, saying he was checking for bruises, scratches, hernias, and testicular cancer. The testimony of the boys revealed that Bolsinger asked permission to touch them in this way and that he did not appear to them to be gaining any sexual gratification from the touching. The boys testified that they were not aware that they were being touched in a sexual manner, and they would not have consented if they had known the true reason for the touching. However, they also testified that, given the nature of the structured program, it was almost impossible for them to make choices of their own or to refuse the request of an instructor.

Following the DHS investigation, Davenport police officers obtained a search warrant for Bolsinger's home and seized a number of items, including the defendant's home computer. The computer's hard drive contained, among other things, numerous stories involving unidentified males engaging in sex acts with each other. Prior to trial, Bolsinger filed a motion to suppress evidence seized from his home, which was denied by the court.

## II. *Issues.*

Bolsinger's appeal raises three issues: (1) the court's interpretation of Iowa Code section 709.4(1) (third-degree sexual abuse), (2) its denial of his motion to suppress, and (3) its refusal to direct verdicts in his favor on all counts on the basis his acts were not "sex acts" under the Code. Bolsinger raises other issues, which we do not expressly discuss because their resolution is subsumed in other holdings in this case.

## III. *Interpretation of Iowa Code Section 709.4(1) (Third–Degree Sexual Abuse).*

Under Iowa Code section 709.4,

[a] person commits sexual abuse in the third degree when the person performs a sex act under any of the following circumstances:

1. The act is done by force or against the will of the other person, whether or not the other person is the person's spouse or is cohabiting with the person.

In applying the "force or against the will" language of section 709.4, the court submitted Instruction No. 21:

Concerning [the third-degree sexual abuse counts] the State must prove that the defendant committed a sex act "by force or against the will" of the alleged victim in that Instruction. In order to do so, however, the State does not have to prove that the alleged victim physically resisted the defendant's acts. The force used by the defendant does not have to be physical. *An act may be done "by force and against the will" of another if the other's consent or acquiescence is procured by:*

*1. threats of violence; or*

*2. deception, which may include deception concerning the nature of the act or deception concerning the defendant's*

*right to exercise authority over the other under the circumstances.*

You may consider all of the circumstances surrounding the defendant's act in deciding whether the act was done by force or against the will of the alleged victim.

(Emphasis added.)

The court stated that its authority for giving this instruction was found in Iowa Code section 709.5, which provides:

Under the provisions of this chapter it shall not be necessary to establish physical resistance by a person in order to establish that an act of sexual abuse was committed by force or against the will of the person. *However, the circumstances surrounding the commission of the act may be considered in determining whether or not the act was done by force or against the will of the other.*

(Emphasis added.) The court also relied on the case of *State v. Vander Esch*, 662 N.W.2d 689 (Iowa Ct.App.2002). In *Vander Esch* the defendant, an owner of a pizza restaurant, employed teenage boys. He informed two of these employees that he was doing a scientific research project and asked them to provide him semen samples for this purpose. He promised to pay $50 for the samples should their sperm count be high enough. Vander Esch was present during the procedure and took possession of the semen samples. *Vander Esch*, 662 N.W.2d at 691. Vander Esch was not authorized by any scientific body to collect semen samples, and the victims indicated that they would not have consented to these acts had they known that no scientific research existed. *Id.* Vander Esch was charged with four counts of third-degree sexual abuse under Iowa Code section 709.4(1). He argued that the definition of sexual abuse, as set out in Iowa Code section 709.1(1), set forth the only means recognized in Iowa to negate

consent and that neither fraud nor deceit did so. *Id.* at 691.

Our examination of the issue must begin with Iowa Code section 709.1(1), which defines sexual abuse and provides that certain circumstances will vitiate a victim's consent:

Any sex act between persons is sexual abuse by either of the persons when the act is performed with the other person in any of the following circumstances:

1. The act is done by force or against the will of the other. If the consent or acquiescence of the other is procured by threats of violence toward any person or if the act is done while the other is under the influence of a drug inducing sleep or is otherwise in a state of unconsciousness, the act is done against the will of the other.

In *Vander Esch* the district court ruled that, in view of the fact that Iowa Code section 709.5 permits the consideration of all surrounding circumstances, section 709.1(1) is not exclusive and fraud and deception may vitiate consent. The court of appeals upheld that decision, classifying the fraud in question as fraud in fact, as opposed to fraud in the inducement (concepts we later discuss), and therefore, the act was done "by force or against the will" of the boys.

Bolsinger argues that the acts which occurred were hand-to-genital contact, which was expressly agreed to by the boys. He argues that his unexpressed purpose, apparently sexual gratification, was collateral to the act itself and, therefore, constituted fraud only in the inducement. As such, the fraud does not vitiate consent, according to him. Bolsinger also argues that *Vander Esch*, relied on by the court of appeals (which divided four to four on the question) and the district court in the present case, was incorrectly decided and should be overruled. Bolsinger ar-

gues that *Vander Esch* erroneously characterized the consent to semen sampling as being produced by fraud in fact, and therefore, any consent was vitiated.

■ If an act is done that is different from the act the defendant said he would perform, this is fraud in fact. If the act is done as the defendant stated it would be, but it is for some collateral or ulterior purpose, this is fraud in the inducement. Fraud in fact vitiates consent; fraud in the inducement does not. *See* Rollin M. Perkins & Ronald N. Boyce, *Criminal Law* ch. 9, § 3, at 1079 (3d ed.1982) [hereinafter Perkins & Boyce]. In other words,

> if deception causes a misunderstanding as to the fact itself (fraud in the *factum*) there is no legally-recognized consent because what happened is not that for which consent was given; whereas consent induced by fraud is as effective as other consent, so far as direct and immediate legal consequences are concerned, if the deception relates not to the thing done but merely to some collateral matter (fraud in the inducement).

*Id.; accord* Wayne R. LaFave, *Substantive Criminal Law* § 6.5(a), at 506 (2d ed.2003) (stating that "fraud in the factum involves a form of deception which results in a misunderstanding by the victim as to the very fact of the defendant's conduct").

Cases illustrating fraud in fact have often involved victims undergoing medical examination or treatment. In many cases, the victims consented to an examination, only to find that the doctor engaged in sex acts. *See, e.g., People v. Ogunmola,* 193 Cal.App.3d 274, 238 Cal.Rptr. 300, 304 (1987) (patient who consented to gynecological examination was in fact subjected to a sex act; consent held to be vitiated); *McNair v. State,* 108 Nev. 53, 825 P.2d 571, 575 (1992) (sex acts under pretense of performing medical examination held to be against the will of the victim). *See generally regarding fraud in fact in "doctor"*

*cases,* Jay M. Zitter, *Annotation: "Conviction of Rape or Related Sexual Offenses on Basis of Intercourse Accomplished Under the Pretext of, or in the Course of, Medical Treatment,"* 65 A.L.R.4th 1064 (1988); 75 C.J.S. *Rape* § 22, at 334 (2002). One treatise discusses fraud in these cases:

> In some of these cases the doctor has not hesitated to make it clear that he intended to have sexual intercourse with the patient, his fraud being in the deceitful suggestion that this was necessary to cure some malady, which was fraud in the inducement, since the patient knew exactly what was to be done and was deceived only in regard to a collateral matter—the reason why it was to be done. And here as usual the direct and immediate consequence of consent obtained by fraud in the inducement is the same as consent given in the absence of fraud, and since the patient consented to the intercourse it was not rape so long as she was over the statutory age.

Perkins & Boyce, ch. 9, at 1079–80.

■ Bolsinger argues that each of these young men was told what the touching would consist of and that they were then touched in the exact manner they expected. Thus, he argues, any fraud was fraud in the inducement, not fraud in fact.

In Bolsinger's case, if the boys had consented to acts such as massaging their legs and instead Bolsinger had touched their genital area, this would clearly be fraud in fact; they would have consented to one act but subjected to a different one. That is not the case, however. We conclude that the consents given here were based on fraud in the inducement, not on fraud in fact, as the victims were touched in exactly the manner represented to them. The consents, therefore, were not vitiated.

In reaching this conclusion, we do so based on the authorities discussed above and not on Bolsinger's alternative argu-

ment that Iowa's sex abuse law in effect provides no way to vitiate consent based on fraud. This argument, based on the doctrine of *inclusio unius est exclusio alterius*, is that the Code sets out a limited list of circumstances under which consent may be vitiated. These include the victim's age (Iowa Code section 709.4(2)(*b*) and (*c*)), a mental defect or incapacity (Iowa Code section 709.4(2)(*a*) and (4)), a physical incapacity (Iowa Code section 709.4(4)), and the influence of controlled substances (Iowa Code section 709.4(3)). Contrary to Bolsinger's argument, we believe that these are not the only circumstances in which consent can be vitiated and that fraud in fact should be held to vitiate consent in sexual abuse cases just as it does in any other criminal case. We rejected a similar *inclusio unius est exclusio alterius* argument in *State v. Ramsey*, 444 N.W.2d 493 (Iowa 1989), which involved a statute prohibiting the removal of a person without their consent. We held that deception by the defendant vitiated the victim's consent.

> [The defendant] contends that because the word "deception" is not used in section 710.1, it cannot form the basis upon which his conviction rests. Ramsey is confusing means with ends, however. Ramsey's intent, as expressed by his girlfriend and logically inferred from subsequent events, was to remove an innocent person to a remote location, shoot him, and steal his car. Whether the removal was accomplished by force or artful deception, the end result remains the same.

*Id.* at 494. *Ramsey* involved fraud in fact; the victim agreed to give the defendant a ride, not to be shot in the back of the head. *Id.* at 493–94.

Our conclusion that the boys' consent in this case was based on fraud in the inducement and not fraud in fact calls into question the court of appeals case of *Vander Esch*. In fact, in the four-to-four decision by the court of appeals in Bolsinger's appeal, four members of that court urge us to overrule *Vander Esch*. We now hold that *Vander Esch* is no longer controlling because the facts on which that case was based clearly show fraud in the inducement, not fraud in fact.

## IV. *Remaining Issues.*

Bolsinger raises several additional issues, which, if resolved in his favor, would result in a reversal of all convictions—sexual exploitation by a counselor and sexual misconduct with a juvenile offender, as well as third-degree sexual abuse. He claims (1) the fruits of the search of his home should have been suppressed; and (2) in any event, his actions were not "sex acts" under the Code.

■ A. *The search warrant.* Bolsinger contends the search of his home was illegal because the search warrant was invalid, and in any event, the officers executing it did so improperly. We review rulings on motions to suppress based on alleged Fourth Amendment violations de novo. *State v. Turner*, 630 N.W.2d 601, 606 (Iowa 2001).

Bolsinger contends the search warrant lacked probable cause, was based on false statements in the application, and was overbroad. We have considered the record and the defendant's arguments on the legality of the search warrant and on the execution of it and conclude the warrant was based on probable cause, was not based on false statements, and was not overbroad. Further, we conclude the officers properly executed the warrant. We reject Bolsinger's motion-to-suppress issue.

■ B. *Were these "sex acts" under the applicable statutes?* The defendant contends that the district court erred in denying his motion for directed verdict as to all charges because "sex acts," under

the Code, were not proved. We have already determined that Bolsinger's conviction of third-degree sexual abuse cannot stand. The remaining charges, sexual abuse by a counselor or therapist and sexual misconduct with offenders, both require proof of sex acts. Bolsinger argues that none of the young men testified there was anything sexual going on and that the evidence was insufficient to establish the existence of sex acts. The jury was instructed, based on Iowa Code section 702.17, that a "sex act" is

> [a]ny sexual contact between the fingers or hand of one person and the genitals or anus of another person. 'Genitals' include the scrotum and penis. You may consider the type of contact and the circumstances surrounding it in deciding whether the contact was sexual in nature.

We believe there was substantial evidence to support the jury's finding that sex acts had been committed. Direct evidence is not required.

> The sexual nature of the contact can be determined from the type of contact and the circumstances surrounding it. . . .
>
> . . . Other relevant circumstances include but are not limited to the relationship between the defendant and the victim; whether anyone else was present; the length of the contact; the purposefulness of the contact; whether there was a legitimate, nonsexual purpose for the contact; where and when the contact took place; and the conduct of the defendant and victim before and after the contact.

*State v. Pearson,* 514 N.W.2d 452, 455 (Iowa 1994). The evidence shows that Bolsinger was acting outside the scope of his duties, his actions took place in private, and he did not document these procedures, contrary to the policy at Wittenmyer. Bolsinger had no medical training other than information he had received in school on testicular cancer and self-examination and was in a position of power over the victims. Considered in light of this evidence a rational finder of fact could conclude that Bolsinger committed sex acts under the guise of performing medical examinations. The trial court did not err in overruling his motions for judgment of acquittal on the charges of sexual abuse by a counselor or sexual misconduct with offenders.

We reverse the convictions for third-degree sexual abuse and affirm the remaining convictions. We remand for resentencing without regard to the third-degree sexual abuse convictions under Iowa Code section 709.4(1).

**DECISION OF COURT OF APPEALS VACATED; JUDGMENT OF DISTRICT COURT AFFIRMED IN PART AND REVERSED IN PART; CASE REMANDED.**