ALVIN SULIVERES *vs.* COMMONWEALTH.

Suffolk. March 6, 2007. - May 10, 2007.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, & CORDY, JJ.

*Rape. Statute,* Construction. *Words,* "Fraud in the factum," "Fraud in the inducement."

In a rape case where the defendant had sexual intercourse with the complainant by impersonating her longtime boy friend, his brother, the trial judge improperly denied the defendant's motion for a required finding of not guilty, given that sexual intercourse where consent is achieved by fraud lacks the requisite element of force and therefore does not constitute the crime of rape as defined in G. L. c. 265, § 22. [115-118]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on March 30, 2006.

The case was reported by *Cowin,* J.

*Brownlow M. Speer,* Committee for Public Counsel Services, for the plaintiff.

*Thomas H. Townsend,* Assistant District Attorney, for the Commonwealth.

COWIN, J. In *Commonwealth* v. *Goldenberg,* 338 Mass. 377, cert. denied, 359 U.S. 1001 (1959), we concluded that it is not rape when consent to sexual intercourse is obtained through fraud or deceit. In determining that G. L. c. 265, § 22, required this result by its definition of rape as sexual intercourse compelled "by force and against [the] will" of the victim, we stated that "[f]raud cannot be allowed to supply the place of the force which the statute makes mandatory." *Commonwealth* v. *Goldenberg, supra* at 384. In the present case, the Commonwealth asks us to overrule the *Goldenberg* decision and hold that misrepresentations can in fact substitute for the requisite force. Because the *Goldenberg* case has been the law for nearly one-half century, during which the Legislature has had ample opportunity to change the rape statute and has not done so, we decline to overrule our decision in *Goldenberg.*

*Relevant law.* The crime of rape is defined in G. L. c. 265, § 22 (*b*): "Whoever has sexual intercourse or unnatural sexual intercourse with a person and compels such person to submit by force and against his will, or compels such person to submit by threat of bodily injury, shall be punished . . . ." This definition has changed over time, but the requirement that the act be "by force and against [the] will" of the victim has remained constant for two hundred years. Compare St. 1805, c. 97, § 1 (crime to "ravish and carnally know any woman *by force and against her will*" [emphasis added]). We have said that "by force" and "against [the] will" are "two separate elements each of which must independently be satisfied."[1] *Commonwealth* v. *Lopez,* 433 Mass. 722, 727 (2001).

In *Commonwealth* v. *Goldenberg, supra,* we considered, as a matter of first impression,[2] whether rape could be committed by fraud. *Id.* at 383. The *Goldenberg* case involved a woman who had gone to the defendant, a physiotherapist, to procure an abortion. *Id.* at 379-380. The defendant told her that, as part of the procedure, he "had to have intercourse" with her and that it would "help it some way." *Id.* at 380. He then proceeded to have intercourse with her. *Id.* at 381. We noted that "it could not be found beyond a reasonable doubt that the intercourse was without her consent," and that the evidence "negatived the use of force." *Id.* at 383. Thus, the only way the defendant could have been convicted was if his fraudulent representation that the intercourse was medically necessary could both invalidate the consent and supply the requisite "force." We concluded, however, that "[f]raud cannot be allowed to supply the place of the force which the statute makes mandatory," *id.* at 384, and cited with approval a Michigan case, *Don Moran* v. *People,* 25 Mich. 356 (1872), which on "facts strikingly similar" had found no rape to have been committed.[3] *Commonwealth* v. *Goldenberg, supra* at 384.

---

[1]Under the statute, rape may also be proved by evidence of intercourse compelled by "threat of bodily injury." G. L. c. 265, § 22 (*b*). See *Commonwealth* v. *Caracciola,* 409 Mass. 648, 653 (1991).

[2]We recognized that any prior statements regarding this question, such as in *Commonwealth* v. *Roosnell,* 143 Mass. 32, 40 (1886), were dicta. See *Commonwealth* v. *Goldenberg,* 338 Mass. 377, 383, cert. denied, 359 U.S. 1001 (1959).

[3]Although the *Goldenberg* decision has been questioned, it has never been

*Facts.* We turn now to the facts of the present case, viewed in the light most favorable to the Commonwealth.[4] On the night in question, the defendant had sexual intercourse with the complainant by impersonating her longtime boy friend, his brother. According to the complainant, while she was asleep alone in the bedroom she shared with her boy friend, the defendant entered the room, and she awoke. In the dark room, the complainant assumed that the defendant was her boy friend returning home from work, and addressed him by her boy friend's name. He got into the bed and had intercourse with her. The complainant was "not fully awake" at the time of penetration. During the intercourse, she believed that the man was her boy friend, and had she known it was the defendant, she "would have never consented."

The defendant was indicted for rape and tried before a jury in the Superior Court. At trial, the main issue was whether the complainant knew at the time the identity of the person with whom she was having sex.[5] The defense was that the sex was fully consensual. The defendant told an investigating police officer that the complainant had come to him while he was asleep in another room and had invited him to her bedroom to have sex with her. The Commonwealth argued that the defendant had

overruled. In dictum in a footnote in *Commonwealth* v. *Helfant*, 398 Mass. 214, 221 n.5 (1986), the court, per Justice Abrams, raised but did not decide the issue whether the *Goldenberg* opinion was still good law. Justice Abrams again questioned *Goldenberg*'s vitality in a concurrence in *Commonwealth* v. *Keevan*, 400 Mass. 557, 571 (1987) (Abrams, J., concurring). However, in *Commonwealth* v. *Caracciola, supra* at 652-653, a later decision, Justice Abrams's majority opinion carefully distinguishes the *Goldenberg* decision without any intimation of overruling it.

[4]As discussed *infra*, our review in this case is analogous to review of a denial of a motion for a required finding of not guilty. See *Commonwealth* v. *Latimore*, 378 Mass. 671, 677 (1979).

[5]Alternatively, the Commonwealth pursued the theory that because the complainant was not "fully awake" at the time of the intercourse, the act constituted rape under *Commonwealth* v. *Burke*, 105 Mass. 376, 380-381 (1870). However, read in the light most favorable to the Commonwealth, the complainant's testimony was that she consciously consented to intercourse under the mistaken belief that it was with her boy friend. Nowhere does the complainant suggest that she was not sufficiently conscious to consent. To the contrary, she testified that she was aware of the defendant in bed with her and had intelligible and appropriate conversation with him prior to the intercourse.

procured the complainant's consent to sex fraudulently by impersonating her boy friend.

*Procedural history.* The defendant moved for a required finding of not guilty at the close of the Commonwealth's evidence, but the motion was denied. The jury were unable to reach a verdict, and the judge declared a mistrial. The defendant then moved to dismiss the indictment, arguing that the Commonwealth had failed to present sufficient evidence to support a guilty verdict at trial, and that any subsequent retrial would thus violate common-law principles of double jeopardy. See generally *Berry* v. *Commonwealth*, 393 Mass. 793 (1985). When this motion was denied, the defendant sought relief from a single justice of this court pursuant to G. L. c. 211, § 3. See *Cramer* v. *Commonwealth*, 419 Mass. 106, 107 n.1 (1994). The single justice reserved and reported the case to the full bench.

*Standard of review.* In determining whether the Commonwealth presented sufficient evidence to support a finding of guilt so as to permit a subsequent retrial without violating double jeopardy principles, we apply the familiar standard: "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" (emphasis in original). *Cramer* v. *Commonwealth*, *supra* at 109-110, quoting *Commonwealth* v. *Latimore*, 378 Mass. 671, 677 (1979).

*Discussion.* Taking the evidence in the light most favorable to the Commonwealth, we assume that the defendant fraudulently induced the complainant to have intercourse. However, as noted above, the rule of *Commonwealth* v. *Goldenberg*, 338 Mass. 377, 384, cert. denied, 359 U.S. 1001 (1959), is that intercourse where consent is achieved by fraud does not constitute rape. That rule compels the conclusion that there was no evidence of rape in this case, and we decline to overrule the *Goldenberg* decision.

a. *The rule of the* Goldenberg *decision.* For all purposes relevant to this case, the crime of rape is defined by statute as nonconsensual intercourse achieved "by force."[6] G. L. c. 265, § 22 (*b*). The Commonwealth, advancing the same argument

---

[6]There is no allegation of any "threat of bodily injury" in this case. G. L. c. 265, § 22 (*b*). See note 1, *supra*.

that was rejected in the *Goldenberg* decision, contends that the defendant's fraud should be allowed to satisfy the requirement of force. In requesting that we overrule the *Goldenberg* case, the Commonwealth asks us to read "force" out of the statute in cases involving misrepresentation as to identity. Yet we have never suggested that force is not an element of the crime, or that "by force" is synonymous with lack of consent. See *Commonwealth* v. *Lopez*, 433 Mass. 722, 727 (2001) (each element "must independently be satisfied"). Because "[n]o portion of the statutory language may be deemed superfluous," *Commonwealth* v. *Caracciola*, 409 Mass. 648, 654 (1991), quoting *Commonwealth* v. *Gove*, 366 Mass. 351, 354 (1974), we are not free, any more than we were in the *Goldenberg* case, to adopt the Commonwealth's proposed interpretation.[7]

We assume that, when it enacts legislation, the Legislature is not only aware of existing statutes, but is also aware of the prior state of the law as explicated by the decisions of this court. *Commonwealth* v. *Callahan*, 440 Mass. 436, 440-441 (2003). Thus, we find it significant that the Legislature has not seen fit to overrule the *Goldenberg* decision in forty-eight years, during which the rape statute was amended three times,[8] scholarship and attitudes regarding rape changed considerably, see *Commonwealth* v. *Keevan*, 400 Mass. 557, 571 (1987) (Abrams, J., concurring), and the *Goldenberg* decision received criticism

---

[7]The *Goldenberg* rule is not only required by our own law, it is also consistent with the law in a majority of other jurisdictions. In England, a long line of cases, beginning with *Rex* v. *Jackson*, 168 Eng. Rep. 911 (Cr. Cas. Res. 1822), held that sexual intercourse by fraud, particularly by "personating" the complainant's husband, was not rape. See *The Queen* v. *Barrow*, 1 L.R.-C.C.R. 156 (Cr. Cas. Res. 1868); *Regina* v. *Clarke*, 169 Eng. Rep. 779 (Cr. Cas. Res. 1854); *Regina* v. *Williams*, 173 Eng. Rep. 497 (N.P. 1838); *Regina* v. *Saunders*, 173 Eng. Rep. 488 (N.P. 1838). But see *Queen* v. *Dee*, 14 L.R. Ir. 468 (1884). Similarly, in this country, most jurisdictions that have considered the issue have held that intercourse by fraud does not constitute rape. See, e.g., *Lewis* v. *State*, 30 Ala. 54 (1857); *Don Moran* v. *People*, 25 Mich. 356 (1872); *People* v. *Hough*, 159 Misc. 2d 997 (N.Y. Dist. Ct. 1994); *State* v. *Brooks*, 76 N.C. 1 (1877); *Commonwealth* v. *Duchnicz*, 42 Pa. C.C. 651 (1914), rev'd on other grounds, 59 Pa. Super. 527 (1915); *Wyatt* v. *State*, 32 Tenn. 394 (1852); *Commonwealth* v. *Culbreath*, 36 Va. Cir. 188 (1995). But see *United States* v. *Hughes*, 48 M.J. 214 (C.A.A.F. 1998); *Pinson* v. *State*, 518 So. 2d 1220 (Miss. 1988); *State* v. *Atkins*, 292 S.W. 422 (Mo. 1926).

[8]See St. 1974, c. 474, § 1; St. 1980, c. 459, § 6; St. 1998, c. 180, § 59.

from at least one member of this court. The Legislature is free to amend the rape statute or create a new substantive offense to encompass the conduct at issue, as many other States have done.[9] However, where the Legislature has chosen not to do so, "[i]t is not for this court . . . to rewrite the clear intention expressed by the statute." *Commonwealth* v. *Leno,* 415 Mass. 835, 841 (1993), quoting *Mellor* v. *Berman,* 390 Mass. 275, 283 (1983).

b. *Whether the* Goldenberg *decision is distinguishable.* Relying principally on *United States* v. *Booker,* 25 M.J. 114, 116-117 (C.M.A. 1987), the Commonwealth attempts to distinguish the *Goldenberg* decision on the ground that it involved "fraud in the inducement" while the present case is one of "fraud in the factum." We find this argument unpersuasive. Assuming that there is a distinction that is meaningful in the context of sexual intercourse, we examine the concepts involved. The term "fraud in the factum" typically refers to "the rare case when there has been fraud as to the essential nature of [a legal] instrument or an essential element of it." *Frederico* v. *Brockton Credit Union,* 39 Mass. App. Ct. 57, 63 (1995). "Fraud in the inducement," by contrast, occurs "when a misrepresentation leads another to enter into a transaction with a false impression of the risks, duties, or obligations involved," Black's Law Dictionary 686 (8th ed. 2004), but there is no fraud as to the essential nature of the transaction. *Frederico* v. *Brockton Credit Union, supra.* In the context of rape, by analogy, "fraud in the factum" must mean that the victim is defrauded as to the nature of the act performed, rather than the reason for doing it. Compare *Boro* v. *Superior Court,* 163 Cal. App. 3d 1224, 1228 (1985) (fraud in factum where victim consents to doctor's penetration

---

[9]See, e.g., Ala. Code § 13A-6-65 (LexisNexis 2005) (man who has sexual intercourse with woman "where consent was obtained by the use of any fraud or artifice" guilty of sexual misconduct); Cal. Pen. Code § 261(5) (West Supp. 2007) (sexual intercourse "[w]here a person submits under the belief that the person committing the act is the victim's spouse, and this belief is induced by any artifice, pretense, or concealment practiced by the accused, with intent to induce the belief" constitutes rape); Mich. Comp. Laws Ann. § 750.520b (West Supp. 2007) (sexual penetration of another "through concealment" constitutes criminal sexual conduct); Tenn. Code Ann. § 39-13-503 (LexisNexis 2006) (unlawful sexual penetration "accomplished by fraud" constitutes rape).

of her with medical instrument but he then penetrates her with his penis), with *State* v. *Bolsinger*, 709 N.W.2d 560, 564 (Iowa 2006) (fraud in inducement where defendant touched victims' genitals on pretext of medical examination because they were "touched in exactly the manner represented to them"). In the present case, there is no claim that the complainant did not know she was consenting to a sex act; rather, just as in the *Goldenberg* case, her consent was induced by fraud as to the circumstances surrounding the act. Thus, the present case involves "fraud in the inducement," as did *Goldenberg*, and is squarely controlled by that decision.

*Conclusion.* Fraudulently obtaining consent to sexual intercourse does not constitute rape as defined in our statute.[10] Accordingly, the defendant's motion for a required finding of not guilty should have been granted. This case is remanded to the county court for entry of an appropriate order by the single justice barring a subsequent retrial on double jeopardy grounds.

*So ordered.*

---

[10]The Commonwealth has waived any argument that the defendant could have been convicted of some lesser offense, such as assault and battery.