# IN THE COURT OF APPEALS OF IOWA

No. 20-0967
Filed January 12, 2022


**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**SHAWN WILLIAM DURRELL,**
        Defendant-Appellant.
_____


        Appeal from the Iowa District Court for Polk County, Tabitha Turner, District Associate Judge.


        Defendant appeals his conviction following a guilty plea to sexual misconduct with an offender. **AFFIRMED.**


        Alfredo Parrish of Parrish Kruidenier Dunn Gentry Brown Bergmann & Messemer L.L.P., Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.


        Considered by Bower, C.J., and Doyle and Carr, S.J.J.*

        *Senior judges assigned by order pursuant to Iowa Code section 602.9206 (2022).

**CARR, Senior Judge.**

Shawn Durrell appeals his conviction following a guilty plea to sexual misconduct with an offender. Durrell has shown good cause for a direct appeal. He did not have a conditional guilty plea, and the court was not bound by the sentencing recommendation in the written guilty plea. We find the court did not abuse its discretion in sentencing Durrell. We affirm his conviction.

## I.      Background Facts & Proceedings

Durrell was an employee of the Iowa Department of Corrections (DOC) at the women's correctional facility at Mitchellville. He was charged with sexual misconduct with an offender, M.B., in violation of Iowa Code section 709.16(1) (2019), an aggravated misdemeanor. The State alleged Durrell engaged in a sex act with a woman who was in the custody of the DOC.

On January 30, 2020, Durrell signed a written plea agreement in which he agreed to plead guilty to the charge. The plea agreement stated,

> Unless I commit a new crime, or violate a court order the plea agreement is deferred judgment, 2 years probation, $300.00 probation fee, $625.00 civil penalty, court costs, sex offender registry.
> The court is not bound by any plea agreement and may give me the maximum sentence allowed by law, including any enhanced sentence.

Durrell checked a box to show he gave up his right to have a record made of the plea proceedings and sentencing.[1] The court accepted Durrell's guilty plea. Durrell did not file a motion in arrest of judgment.

---

[1] Therefore, there is no transcript of the proceedings.

Durrell was sentenced to two years in prison, the sentence was suspended, and he was placed on probation for two years. Durrell was ordered to pay a $625.00 civil penalty and a $625.00 surcharge. Durrell was also given a special sentence under section 903B.2 and required to register as a sex offender for a period of ten years. Durrell appealed.

## II. Good Cause to Appeal

Section 814.6(1)(a)(3) provides a defendant does not have a right to a direct appeal "where the defendant has pled guilty." There is an exception "where the defendant establishes good cause." Iowa Code § 814.6(1)(a)(3). "[G]ood cause exists to appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea." *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020). There is also good cause to appeal when a defendant claims the prosecutor breached the plea agreement at the sentencing hearing. *State v. Boldon*, 954 N.W.2d 62, 69 (Iowa 2021). We determine this case is similar to *Boldon* because Durrell claims there was a breach of the terms of his plea agreement in regard to sentencing. *See id.* Additionally, the State concedes Durrell presented good cause for this direct appeal. We proceed to the merits of Durrell's appeal.

## III. Nature of the Plea Agreement

Some plea agreements are conditioned upon approval by the court. Iowa Rule of Criminal Procedure 2.10(2) provides, "[I]f the [plea] agreement is conditioned upon concurrence of the court in the charging or sentencing concession made by the prosecuting attorney, the court may accept or reject the agreement, or may defer its decision as to acceptance or rejection until receipt of

a presentence report." If the plea agreement is accepted by the court, "the court shall inform the defendant that it will embody in the judgment and sentence the disposition provided for in the plea agreement or another disposition more favorable to the defendant than that provided for in the plea agreement." Iowa R. Crim. P. 2.10(3).

> On the other hand, if the court does not accept the plea agreement,
>
> the court shall inform the parties of this fact, afford the defendant the opportunity to then withdraw defendant's plea, and advise the defendant that if persistence in a guilty plea continues, the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement.

Iowa R. Crim. P. 2.10(4). The requirements of rule 2.10(4) "apply only when the plea agreement has been conditioned on the court's concurrence in the agreement between the parties." *State v. Hanna*, No. 17-2090, 2019 WL 320184, at *2 (Iowa Ct. App. Jan. 23, 2019) (citation omitted).

Based on the language in the plea agreement—"Unless I commit a new crime, or violate a court order the plea agreement is deferred judgment, 2 years probation, $300.00 probation fee, $625.00 civil penalty, court costs, sex offender registry"—Durrell claims he had a conditional guilty plea and once the court accepted his plea, the court should have sentenced him according to the terms of the agreement. He asserts the court should have stated it was not going to be bound by the sentence in the written plea agreement and he should have been given the opportunity to withdraw his guilty plea.[2] *See* Iowa R. Crim. P. 2.10(4).

---

[2] The State asserts that Durrell did not preserve error on this claim because he did not raise it at the sentencing hearing. Unlike cases where a defendant claims the

Immediately following the excerpt from the plea agreement relied upon by Durrell, the written plea agreement stated, "The court is not bound by any plea agreement and may give me the maximum sentence allowed by law, including any enhanced sentence." This statement shows the plea agreement was not conditioned upon the court's acceptance. *See State v. McCanna*, No. 17-1210, 2018 WL 3654850, at *2 (Iowa Ct. App. Aug. 1, 2018) (noting a plea agreement was not conditional because "[i]t unequivocally stated the court was free to impose the maximum sentence allowed by law"). When a defendant does not have a conditional plea agreement, rule 2.10(4) does not apply. *See Hanna*, 2019 WL 320184, at *3; *cf. State v. Holton*, No. 19-0324, 2020 WL 2988001, at *2 (Iowa Ct. App. June 3, 2020) (finding "the plea agreement included an agreed sentence to be imposed, requiring the court's concurrence"). We conclude the court was not required to allow Durrell to withdraw his guilty plea.

## IV.    Sentencing

Durrell claims the district court abused its discretion by giving him a two-year suspended sentence rather than a deferred judgment. He states the factors relied upon by the court do not support his sentence.

---

prosecutor breached the plea agreement, Durrell claims the court should have sentenced him in accordance with the plea agreement. There was no basis to object until the court sentenced Durrell. We conclude there is no requirement to object in order to appeal the sentence. *See State v. Gordon*, 921 N.W.2d 19, 23 (Iowa 2018) (noting ordinary principles of error preservation do not apply in sentencing); *State v. Thompson*, 856 N.W.2d 915, 921 (Iowa 2014) (finding the rules of error preservation did not apply "where the defendant does not know the deficiency in the plea proceeding until after sentencing").

"Appellate review of the district court's sentencing decision is for an abuse of discretion." *State v. Evans*, 672 N.W.2d 328, 331–32 (Iowa 2003). A court's sentencing decisions "are cloaked with a strong presumption in their favor." *State v. Thomas*, 547 N.W.2d 223, 225 (Iowa 1996). "We afford sentencing judges a significant amount of latitude because of the 'discretionary nature of judging and the source of the respect afforded by the appellate process.'" *Boldon*, 954 N.W.2d at 73 (quoting *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002)). "A defendant therefore has the burden to provide a record showing that the court abused its discretion." *State v. Crooks*, 911 N.W.2d 153, 171 (Iowa 2018) (citation omitted).

The preliminary criminal complaint stated, "During a period of days ranging from 7/4/19 through 8/9/19, while employed by the Iowa Correctional Institution for Women, Shawn Durrell engaged in sexual acts with Incarcerated Individual [M.B.] in exchange for tobacco products." The trial information alleged Durrell "engage[d] in a sex act with M.B., who is committed to the custody of the Iowa Department of Corrections."[3]

To establish a factual basis for the plea, Durrell admitted, "On July 4, 2019, in Polk County, Iowa, as an employee of the [DOC] I engaged in a sexual act with an inmate of the [DOC] facility I worked at." Durrell waived the reporting of the sentencing hearing. He also waived the right "to the preparation and use of a pre-sentencing report." Thus, there is limited information in the record about Durrell's circumstances.

---

[3] Durrell references the preliminary complaint and trial information several times in his appellate brief.

The criminal complaint and Durrell's admission in the written guilty plea show that he committed an abuse of his authority and a breach of public trust. Durrell was in a position of authority over M.B. and engaged in sexual acts with her in exchange for tobacco products. *See State v. Bolsinger*, 709 N.W.2d 560, 566 (Iowa 2006) (finding there was sufficient evidence to support a conviction under section 709.16(2), noting the defendant "was in a position of power over the victims"). As an employee of the DOC, Durrell was in a position of power over M.B., who was an inmate.

In the sentencing order, the court checked on boxes to show it relied on the following factors in sentencing Durrell: (1) "The nature and circumstances of the crime"; (2) "Protection of the public from further offenses"; (3) "Defendant's propensity for further criminal acts"; (4) "Maximum opportunity for rehabilitation"; (5) "Defendant's age and character"; and (6) "The plea agreement."

The nature of the offense cannot be the sole factor considered by the court. *State v. Hopkins*, 860 N.W.2d 550, 555 (Iowa 2015). The seriousness and gravity of the offense, however, are important factors for the sentencing court to consider. *Id.* The sentencing order shows the court relied upon several factors, not just the seriousness and gravity of the offense. Durrell does not claim the court relied on impermissible factors. *See State v. Chapman*, 944 N.W.2d 864, 876 (Iowa 2020) (stating a case must be remanded for a new sentencing hearing where the court considers "impermissible factors in making a sentencing decision"). Nor is the sentence outside the statutory limits. *See State v. Wilson*, 941 N.W.2d 579, 585 (Iowa 2020) ("We apply an abuse of discretion standard when the sentence challenged was within the statutory limits." (citation omitted)).

"When the sentencing decision falls within the statutory limits, it 'is cloaked with a strong presumption in its favor.'" *State v. Fetner*, 959 N.W.2d 129, 134 (Iowa 2021) (citation omitted). Durrell has not shown the court exercised its discretion "on grounds or for reasons that were clearly untenable or unreasonable." *Damme*, 944 N.W.2d at 106 (citation omitted). We conclude Durrell has not shown the court abused its discretion. *See State v. Harris*, 528 N.W.2d 133, 135 (Iowa Ct. App. 1994) (noting a defendant has the burden to show the court abused its discretion); *see also State v. Hines*, No. 11-0920, 2012 WL 150579, at *1 (Iowa Ct. App. Jan. 19, 2012) (finding the court did not abuse its discretion in sentencing defendant to a term of imprisonment because he committed sexual misconduct with an offender while he was in a position of authority).

We affirm the decision of the court.

**AFFIRMED.**