■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PRISCILLA BYRD, Appellant. [642 NYS2d 646] —Judgment, Supreme Court, New York County (Alfred Donati, J.), rendered January 24, 1994, convicting defendant, after jury trial, of criminal possession of a controlled substance in the third degree, and sentencing her, as a second felony offender, to a term of $7^{1}/2$ to 15 years, unanimously modified, as a matter of discretion in the interest of justice, to reduce the sentence to a term of 5 to 10 years, and otherwise affirmed.

Defendant's current claim of error in connection with the procedure utilized for the exercise of peremptory challenges is unpreserved (*People v Mancuso*, 22 NY2d 679, *cert denied sub nom. Morganti v New York*, 393 US 946) and we decline to review it in the interest of justice (*see, People v Levy*, 194 AD2d 319, *appeal dismissed* 82 NY2d 890).

Defendant's argument that she should have been permitted to challenge a certain venireperson for cause is unpreserved, since she made no such challenge, even though the court expressed an opinion on the venireperson's suitability. Even if defendant had made such challenge, it would have been properly denied because the totality of the venireperson's responses left no doubt regarding his ability to be fair and impartial (*see, People v Middleton*, 220 AD2d 202, *lv denied* 87 NY2d 848).

The trial court appropriately exercised its discretion in admitting into evidence a blank Police Department property form to encourage clarity rather than obscurity in the development of proof (*People v Moulton*, 43 NY2d 944). Contrary to defendant's argument, the People were entitled to offer evidence and advance arguments addressing the permissible negative inference charged by the court in connection with the lost completed form (*see, People v Gonzalez*, 68 NY2d 424, 431).

We find the sentence imposed excessive to the extent

indicated. Concur—Rosenberger, J. P., Wallach, Kupferman and Williams, JJ.