■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERMAINE COOPER, Also Known as TIM JONES, Appellant. [650 NYS2d 542] —Judgment, Supreme Court, New York County (James Yates, J.), rendered October 4, 1994, convicting defendant, after a jury trial, of attempted robbery in the first degree, and sentencing him, as a second violent felony offender, to a term of 7 to 14 years, unanimously affirmed.

Defendant raised no objection to the court's "two inference" instruction and, thus, his current claim is unpreserved as a matter of law (*People v Brown*, 220 AD2d 250, *lv denied* 87 NY2d 898). Moreover, there was no possibility of confusion where, immediately preceding the challenged portion of the charge, the jurors were instructed that defendant was "entitled to every inference in his favor which can reasonably be drawn from the evidence." Concur—Sullivan, J. P., Rosenberger, Kupferman, Williams and Andrias, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLIE BAILEY, Appellant. [650 NYS2d 543] —Judgment, Supreme Court, New York County (Marcy Kahn, J.), rendered June 21, 1994, convicting defendant, after a jury trial, of criminal trespass in the third degree, and sentencing him to time served, unanimously affirmed.

Defendant's claim that the trial court violated CPL 270.15 (2) by permitting peremptory challenges to a group of jurors still seated in the jury box after defendant had exercised his peremptory challenges to another group of jurors also seated in the jury box is unpreserved (*People v Byrd*, 227 AD2d 251), and, in any event, without merit (*People v Alston*, 88 NY2d 519). Concur—Sullivan, J. P., Milonas, Ellerin, Nardelli and Williams, JJ.