■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS BODDIE, Appellant. [657 NYS2d 696] —Judgment, Supreme Court, New York County (Martin Rettinger, J.), rendered July 21, 1994, convicting defendant, after a jury trial, of grand larceny in the fourth degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

Defendant waived any claim of error in connection with the seating of a juror on the ground that the individual in question did not meet the statutory qualifications of a juror, because defendant expressly stated, following full inquiry regarding the issues now raised, that he perceived no lawful basis for a challenge for cause and, in fact, insisted that the individual in question be seated as a juror (*see, People v Byrd,* 227 AD2d 251, *lv denied* 88 NY2d 981). We reject defendant's claim that the juror's alleged unfitness was a nonwaivable defect.

Although the trial court's charge to the jury regarding burden of proof included incidental and disfavored references to determination of "the truth", reversal is not warranted because the charge as a whole conveyed the appropriate legal standard (*People v Arredondo,* 226 AD2d 322, *lv denied* 88 NY2d 964).

The trial court appropriately exercised its discretion in denying defendant's motion to set aside the verdict, made on the ground of juror misconduct, as well as defendant's alternative motion, made on the sentencing date, for an adjournment to prepare for a hearing. Defendant's motion offered only hearsay allegations and speculative claims of prejudice, which were properly rejected by the court, and defendant offered no satisfactory explanation for failing to obtain affidavits from jurors

who allegedly admitted to having acted improperly, or to make some investigatory efforts to ascertain the nature and extent of the alleged improprieties (*People v Friedgood*, 58 NY2d 467, 472-473; *People v Salaam*, 187 AD2d 363, *affd* 83 NY2d 51). Concur—Sullivan, J. P., Milonas, Wallach, Tom and Mazzarelli, JJ.