■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND OCASIO, Appellant. [678 NYS2d 257] —Judgment, Supreme Court, New York County (Martin Rettinger, J.), rendered March 14, 1995, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 4½ to 9 years, unanimously affirmed.

The *Batson* colloquy demonstrates that defendant failed to make a prima facie showing that the People's peremptory challenge in question was motivated by a discriminatory intent (*People v Bolling*, 79 NY2d 317, 325). The issue of whether a prima facie showing was made is not moot (*see, Hernandez v New York*, 500 US 352, 359). Although the court did ask the People for an explanation of the challenge, and although the record is not always clear as to which *Batson* step was under consideration, a fair reading of the totality of the record establishes that the court *did* rule that there was no prima facie showing, and did *not* rule on the ultimate question of intentional discrimination (*supra*). In any event, we find that defendant's present claims relating to the People's response to the *Batson* application are unpreserved and without merit. Concur—Sullivan, J. P., Nardelli, Rubin, Tom and Mazzarelli, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FLOYD WRIGHT, Appellant. [678 NYS2d 17] —Judgment, Supreme Court, Bronx County (Roger Hayes, J.), rendered October 9, 1996, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree, and sentencing him to a term of 1 to 3 years, unanimously affirmed.

Defendant's suppression motion was properly denied. Defendant was seen by one of the arresting officers with his pants pocket weighted down by an "L-shaped" object, which the arresting officer believed to be the outline of a gun. The arresting officer's observation provided reasonable suspicion to believe that defendant was armed and dangerous, and justified the officer's brief question and minimally intrusive patdown of defendant's pants pocket (*People v Prochilo*, 41 NY2d 759, 762). We see no reason to disturb the court's credibility determinations, which are supported by the record (*see, People v Prochilo, supra*, at 761). Concur—Sullivan, J. P., Nardelli, Rubin, Tom and Mazzarelli, JJ.