■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL DRONE, Appellant. [708 NYS2d 63] —Judgment, Supreme Court, New York County (James Yates, J.), rendered August 27, 1998, convicting defendant, upon his plea of guilty, of attempted criminal possession of a controlled substance in the fifth degree, and sentencing him, as a second felony offender, to a term of 1½ to 3 years, unanimously affirmed.

Based on the existing record, we find that defendant received meaningful representation during the *Mapp* hearing at which his suppression motion was denied. The police witness's testimony on direct examination that she observed "the outline of a gun" through the outside of defendant's pocket, especially when taken together with her testimony concerning the existence of other suspicious circumstances, was potentially sufficient, if credited by the court, to defeat the suppression motion (*see, e.g., People v Prochilo*, 41 NY2d 759, 762; *People v Wright*, 253 AD2d 720, *lv denied* 92 NY2d 986). Accordingly, defense counsel's further exploration on cross-examination of the police officer's observation of defendant's pocket was justifiable as an effort to establish that the observed outline was consistent with an innocuous object being within the pocket, and it cannot be said that counsel's pursuit of this line of questioning lacked any strategic or other legitimate explanation, as would be required for defendant to prevail on a claim of ineffective assistance of counsel (*People v Benevento*, 91 NY2d 708, 712). While defendant argues, based on hindsight, that this strategy was deficient because it elicited additional details supporting reasonable suspicion for the stop and frisk, this does not establish ineffective assistance (*supra*). Concur—Sullivan, P. J., Rosenberger, Williams, Wallach and Buckley, JJ.