OPINION OF THE COURT
Memorandum.
Judgment of conviction affirmed.
At trial, the complainant testified that while being treated by defendant during a dental visit, the defendant sexually abused her. Approximately six months after the alleged incident, the complainant reported the incident to the police. A detective from the Special Victims Squad had the complainant make a telephone call to the defendant to discuss the aforementioned events for the purpose of making a recording of the conversation. The tape recording was played at the trial. However, the recording was not contained in the original record on appeal and could not be located. Upon remittitur from the Court of Appeals (98 NY2d 56 [2002]), this court was directed to consider whether the tape recording is necessary in order for this court to conduct effective appellate review of the issue regarding the legal sufficiency of the evidence. Subsequently, the People submitted the missing evidence to this court. Consequently, the issue of whether the evidence is of “substantial importance” (People v Strollo, 191 NY 42 [1908]) so as to preclude effective appellate review has been rendered moot.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the elements of sexual abuse in the third degree. The credited testimony of the complainant that defendant squeezed and rubbed her vagina with his hand while she was his dental patient was legally sufficient to establish both the “sexual contact” and sexual gratification elements of sexual abuse in the third degree (Penal Law §§ 130.55, 130.00 [3]; see People v Teicher, 52 NY2d 638, 646-647 [1981]; Matter of David V., 226 AD2d 319 [1996]). Based upon the complainant’s *38 testimony, it cannot be inferred that the contact was casual or innocent. Additionally, Penal Law § 130.05 (2) (c) specifies that where the offense is sexual abuse, lack of consent results from any circumstances in which the victim does not expressly or impliedly acquiesce in the actor’s conduct. The complainant’s testimony that she tried to squirm away as the defendant was touching her and that she was afraid and could not say anything, establishes the element of lack of consent (Penal Law §§ 130.55, 130.05 [2] [c]).
A further issue raised on appeal involves the court’s Rosario ruling which did not require the People to produce the entire diary written by the victim’s mother who was a witness at the trial. The People only produced two pages from the diary and defendant argues that the remaining pages of the diary may have contained information vital to his defense and therefore should have been produced. The defendant argues further that the failure on the part of the People to comply with its obligations under People v Rosario (9 NY2d 286 [1961]) constituted reversible error citing People v Ranghelle (69 NY2d 56 [1986]) or, in the alternative, that the trial court should have inspected the diary to determine its relevancy.
CPL 240.45 (1) (a) requires the prosecutor to make available to the defendant any written or recorded statement made by a person whom the prosecutor intends to call as a witness at trial, and which relates to the subject matter of the witness’ testimony. A witness’ prior statements which are in the possession of the prosecution need not be handed over to the defense if they are completely unrelated to the subject matter of the witness’ trial testimony (see CPL 240.45 [1] [a]; People v Goldman, 175 AD2d 723, 725 [1991], lv denied 78 NY2d 1076 [1991]; People v Barrios, 163 AD2d 579 [1990], lv denied 77 NY2d 875 [1991]). The failure to provide Rosario material does not require reversal of a conviction unless the defendant demonstrates “that there is a reasonable possibility that the non-disclosure materially contributed to the result of the trial” (CPL 240.75; see People v Delosanto, 307 AD2d 298 [2003]). “The Legislature, in adopting CPL 240.75, was, in effect, overruling People v Ranghelle (supra) and the per se result of a Rosario violation” (People v Sorbello, 285 AD2d 88, 95 [2001]). Defendant has failed to demonstrate that there was a reasonable possibility that the nondisclosure materially contributed to the result of the trial.
The remaining contention raised by the defendant that the court below erred in refusing to admit the results of the *39 defendant’s polygraph test is without merit (see People v Scott, 88 NY2d 888, 891 [1996]).