■ The People of the State of New York, Respondent, v Eduardo Glenn, Appellant. [776 NYS2d 556]—

Judgment, Supreme Court, New York County (Richard Carruthers, J.), rendered March 18, 2002, convicting defendant, af-

ter a jury trial, of robbery in the first degree and criminal possession of a weapon in the third degree, and sentencing him, as a second violent felony offender, to concurrent terms of 15 years and 3½ to 7 years, respectively, unanimously affirmed.

The court properly denied defendant's application pursuant to *Batson v Kentucky* (476 US 79 [1986]). Defendant did not preserve his contention that the court failed to follow the required three-step procedure (*People v Richardson,* 100 NY2d 847, 853 [2003]), and we decline to review it in the interest of justice. Were we to review this claim, we would find that the issue of whether a prima facie showing of discrimination was made by defendant was neither moot nor conflated with the other *Batson* issues, since, although the prosecutor explained the peremptory challenges at issue, "a fair reading of the totality of the record establishes that the court *did* rule that there was no prima facie showing, and did *not* rule on the ultimate question of intentional discrimination" (*People v Ocasio,* 253 AD2d 720 [1998], *lv denied* 92 NY2d 1036 [1998] [emphasis in original]; *see also People v Miller,* 293 AD2d 342 [2002], *lv denied* 98 NY2d 678 [2002]; *People v Bowen,* 286 AD2d 645 [2001], *lv denied* 97 NY2d 702 [2002]). The court did not "revisit" (*People v Smocum,* 99 NY2d 418, 422 [2003]) the issue of whether a prima facie case had been established after proceeding to hear the prosecutor's race-neutral explanations. Nevertheless, we note that when a court rules that a party making a *Batson* application has not established a prima facie case of unlawful discrimination, the inquiry should come to an end and there is no reason for the opposing party to set forth its explanations. The record supports the court's determination that defendant failed to establish a prima facie case since the prosecutor only challenged two black prospective jurors and defendant failed to articulate any other facts or circumstances, such as that the prosecutor had failed to challenge other prospective jurors who were similarly situated to those who were challenged, which would support a prima facie showing of discrimination (*see People v Brown,* 97 NY2d 500, 507-508 [2002]).

The court's *Sandoval* ruling balanced the appropriate factors and was a proper exercise of discretion (*see People v Hayes,* 97 NY2d 203 [2002]; *People v Walker,* 83 NY2d 455, 458-459 [1994]; *People v Pavao,* 59 NY2d 282, 292 [1983]). Although the underlying facts of some of defendant's convictions were similar to the crime charged, these facts highlighted defendant's dishonesty and were highly relevant to his credibility.

The verdict was not against the weight of the evidence. Issues of credibility, including the weight to be given to inconsistencies

in testimony and the inability of the police to recover the stolen money, were properly considered by the jury and there is no basis for disturbing its determinations (*see People v Gaimari,* 176 NY 84, 94 [1903]).

We perceive no basis for reducing the sentence. Concur— Tom, J.P., Andrias, Saxe, Sullivan and Marlow, JJ.