THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDDY MEDINA, Appellant. [782 NYS2d 737]—

Judgment, Supreme Court, New York County (Rena K. Uviller, J.), rendered November 6, 2002, convicting defendant, after a jury trial, of gang assault in the second degree and two counts of assault in the second degree, and sentencing him to an aggregate term of 3½ years, unanimously affirmed.

Since defendant raised his specific challenge to the sufficiency of the evidence for the first time in a CPL 330.30 (1) motion to set aside the verdict, he did not preserve this issue for appellate review, and we reject defendant's various arguments to the contrary (*People v Padro*, 75 NY2d 820 [1990]). We decline to review defendant's unpreserved claim in the interest of justice. Were we to review this claim, we would find that the element of serious physical injury required for the gang assault conviction was satisfied by evidence of the victim's permanent scars, at least one of which was plainly visible. The jury viewed the scars and reasonably concluded that defendant's acts caused protracted disfigurement (*see* Penal Law § 10.00 [10]; *People v McDuffie*, 293 AD2d 287 [2002], *lv denied* 98 NY2d 699 [2002]; *People v Bailey*, 275 AD2d 663 [2000], *lv denied* 95 NY2d 960 [2000]).

The court properly denied defendant's application made pursuant to *Batson v Kentucky* (476 US 79 [1986]). A fair reading of the record pertaining to the *Batson* application establishes that the court expressly ruled that defendant did not make a prima facie showing of discrimination, and that the court neither directed the People to give a race-neutral reason for the peremptory challenge at issue nor ruled on the ultimate issue of intentional discrimination. Therefore, the issue of whether defendant made the requisite prima facie showing is not moot (*see e.g. People v Glenn*, 7 AD3d 314 [2004]; *People v Ocasio*, 253 AD2d 720 [1998], *lv denied* 92 NY2d 1036 [1998]). Moreover, in her volunteered response to defendant's assertion of a prima facie case, the prosecutor did not advance a race-neutral reason for the challenge at issue, but merely denied any discriminatory motive. The record supports the court's·determination that defendant did not make the necessary prima facie showing (*see People v Brown*, 97 NY2d 500, 507-508 [2002]). Concur—Tom, J.P., Lerner, Friedman, Marlow and Gonzalez, JJ.