OPINION OF THE COURT
Per Curiam.
Judgment of conviction rendered July 10, 2002 affirmed.
Defendant, a massage therapist, was convicted after a jury trial of third degree sexual abuse (Penal Law § 130.55) upon evidence, not directly challenged on appeal, that he twice rubbed a client’s vaginal area while massaging her in a closed room in a *65 local health club. Tacitly acknowledging that the evidence satisfied both the sexual contact and sexual gratification elements of the charged offense, defendant challenges the legal sufficiency of the evidence solely upon the ground that it failed to establish the complainant’s lack of consent. This argument is unpreserved for appellate review, since defendant raised it for the first time in a CPL 330.30 (1) motion to set aside the verdict (see People v Padro, 75 NY2d 820 [1990]; People v Medina, 11 AD3d 331 [2004], lv denied 4 NY3d 765 [2005]). We decline to review defendant’s unpreserved claim in the interest of justice. Were we to review this claim, we would find that the lack of consent element was satisfied by evidence that the complainant could not say anything because she was “stunned” and “frightened,” that she was “unresponsive” to defendant and initially remained lying face down “flush against the [massage] table,” and eventually “moved [her] body to get [defendant] to stop” (see Penal Law § 130.05 [2] [c] [lack of consent in sexual abuse prosecution results from “any circumstances ... in which the victim does not expressly or impliedly acquiesce in the actor’s conduct”]). The absence of a verbal protest by the complainant does not compel a finding that she engaged in what defendant now describes as “impliedly acquiescent conduct.” As was stated in the parallel circumstances presented in State v Stevens (311 Mont 52, 66, 53 P3d 356, 365 [2002]):
“Obviously, [defendant], as a professional massage therapist, had no ‘implicit permission’ to sexually touch his client[ ] until [she] told him to stop. The professional relationship defined the limits that [defendant’s] client[ ] could expect, and [she] did not expect to be sexually touched during [her] massage. It does not take a ‘skilled mind reader’ to realize this.”
Moreover, upon an independent review of the facts, we are satisfied that the verdict was not against the weight of the evidence.
Defendant failed to preserve his present challenges to the prosecutor’s summation, and we decline to review them in the interest of justice. Were we to review these claims, we would find that the challenged comments were fair response to the defense summation and did not shift the burden of proof or deprive defendant of a fair trial (see People v Overlee, 236 AD2d 133 [1997], lv denied 91 NY2d 976 [1998]; People v D’Alessandro, 184 AD2d 114, 118-119 [1992], lv denied 81 NY2d 884 [1993]).
Defendant’s ineffective assistance claim rests largely upon factual assertions contained in his unsuccessful motion to vacate *66 judgment pursuant to CPL 440.10. Since leave to appeal to this court was denied, however, these assertions are not properly before this court (People v Figueroa, 304 AD2d 475 [2003], lv denied 100 NY2d 561 [2003]). To the extent that the existing record permits review, it establishes that defendant received meaningful representation (see People v Benevento, 91 NY2d 708 [1998]).
Suarez, EJ., Davis and Schoenfeld, JJ., concur.