■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CORY BANKS, Appellant. [811 NYS2d 221]—

Crew III, J.P. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered October 20, 2004, upon a verdict convicting defendant of the crimes of rape in the second degree, sexual abuse in the second degree, forcible touching and endangering the welfare of a child.

On March 22, 2004 defendant, then 23 years old, went to the home of the victim, then 13 years old, and smoked marihuana with her while they both lay on a bed unclothed. According to the victim, defendant engaged in forcible intercourse with her. As a consequence, defendant was indicted and charged with rape in the first degree, rape in the second degree, rape in the third degree, sexual abuse in the first degree, sexual abuse in the second degree, forcible touching, sexual misconduct and endangering the welfare of a child. Following a jury trial, defendant was found guilty of rape in the second degree, sexual abuse in the second degree, forcible touching and endangering the welfare of a child for which he was sentenced to an indeterminate term of imprisonment of 2 to 6 years, together with three concurrent one-year jail terms. Additionally, County Court issued an order of protection to expire on October 20, 2010. Defendant now appeals.

Initially, we note that defendant's contention that the evidence was not legally sufficient to support the verdict has not been preserved for appellate review (*see People v Medina,* 11 AD3d 331 [2004], *lv denied* 4 NY3d 765 [2005]). In any event, if we were to review the issue in the interest of justice, we would find defendant's contention to be without merit.

We reach a different conclusion with regard to County Court's *Ventimiglia* ruling. At the time of trial, the People sought to introduce evidence that defendant, some three weeks after the alleged rape, touched the victim's breasts over her clothing and exposed himself. Initially, County Court correctly determined that such evidence would not be permitted as it did not demonstrate motive as contended by the People. Thereafter, however, County Court revisited the issue and determined that the subsequent conduct was admissible because it bore on the victim's state of mind and, further, was akin to the "prompt outcry" hearsay exception. We need note only that the victim's state of mind at the time of the alleged subsequent bad conduct was not relevant to the issues at trial and, further, an accusa-

tion made three weeks after the alleged rape cannot be considered a "prompt outcry" (*see People v McDaniel,* 81 NY2d 10, 17 [1993]). Even if the incident were admissible to explain what prompted the victim to report the complained of rape to the police, County Court erred in failing to give the jury a limiting instruction as requested by defense counsel (*see People v Ward,* 10 AD3d 805, 807 [2004], *lv denied* 4 NY3d 768 [2005]). We nevertheless find such error harmless in view of the evidence of defendant's guilt, which included his own written admissions. We have considered defendant's remaining contentions and find them equally without merit.

Spain, Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.