■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALVIN BUARI, Appellant. [856 NYS2d 81]—

Judgment, Supreme Court, Bronx County (Joseph A. Cerbone, J.), rendered December 5, 1995, convicting defendant, after a jury trial, of two counts of murder in the second degree, and sentencing him to consecutive terms of 25 years to life, and order, same court (Dominic R. Massaro, J.), entered on or about April 10, 2006, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.

Defendant's argument that the trial court failed to follow the three-step *Batson* protocol (*Batson v Kentucky*, 476 US 79 [1986]) by not allowing him to give a race-neutral reason for one of his peremptory strikes is unpreserved (*see People v Glenn*, 7 AD3d 314 [2004], *lv denied* 3 NY3d 674 [2004]), and we decline to review it in the interest of justice. Defendant's objection to seating the juror was insufficient to preserve the specific procedural claim he raises on appeal. As an alternative holding, we also reject this claim on the merits. Contrary to defendant's contention, the trial court gave him an opportunity to proffer a race-neutral reason for his challenge, and properly seated the juror when defendant failed to provide any reason.

At sentencing, defense counsel asserted that, after the verdict, defendant's family told him that one of the jurors was defendant's allegedly "estranged" great-uncle. Counsel also submitted an affidavit from a defense investigator relating his interview of the juror, who claimed he never revealed the family

relationship during trial because he was unaware of it. Counsel requested an adjournment for further investigation into whether the juror might be lying about his prior unawareness of the relationship, and for the purpose of determining whether to file a CPL 330.30 (2) motion to set aside the verdict on the ground of the juror's alleged misconduct. We conclude that the court properly exercised its discretion in declining to adjourn the sentencing (*see People v Boddie*, 240 AD2d 155 [1997], *lv denied* 90 NY2d 902 [1997]). Defendant's claim of misconduct was speculative, and the only information before the sentencing court specifically contradicted it. Furthermore, the sentencing court invited defendant's retained counsel to raise this issue in a CPL 440.10 motion, but no such motion was forthcoming until many years later, after the juror in question had died. Although on appeal defendant claims to be prejudiced by the juror's present unavailability as a witness, defendant is entirely responsible for the delay, and his attempt to excuse the delay is without merit.

Furthermore, that portion of defendant's CPL 440.10 motion raising the juror issue was properly denied (*see People v Friedgood*, 58 NY2d 467, 471-473 [1983]). The information before the motion court further undermines defendant's claim, since there was evidence that defendant's family told defense counsel about defendant's relationship to the juror during the trial, rather than after the verdict. To the extent defendant raises a constitutional claim under *McDonough Power Equipment, Inc. v Greenwood* (464 US 548, 556 [1984]), such claim is unavailing since defendant failed to establish that the juror deliberately lied during voir dire (*see United States v Shaoul*, 41 F3d 811, 815 [2d Cir 1994]). The court properly denied those portions of the CPL 440.10 motion made on the ground of newly discovered evidence. There is no basis for disturbing the court's credibility determinations, which are supported by the record (*see People v Prochilo*, 41 NY2d 759, 761 [1977]). After a thorough hearing, the court properly found that the alleged new evidence, consisting essentially of unreliable recantations and confessions that were themselves recanted, and extremely remote evidence of third-party culpability, did not justify vacating the judgment (*see* CPL 440.10 [1] [g]; *see also People v Dukes*, 284 AD2d 236 [2001], *lv denied* 97 NY2d 681 [2001]). We note that the hearing evidence supports the conclusion that defendant coerced one of the People's witnesses into confessing to the crimes of which defendant was convicted. Since the record supports the motion court's findings that none of the alleged newly discovered evidence was reliable, and since there is no reason to believe that any prosecution witness committed perjury at defendant's trial,

or that anyone but defendant committed the murders, we reject defendant's constitutional claims relating to this evidence. We also find that defendant was not prejudiced by the People's delay in disclosing a taped conversation relating to the subject of the hearing.

While, at trial, the prosecutor failed to disclose a pending marijuana possession charge against one of the witnesses (*see* CPL 240.45 [1] [c]; *see also Brady v Maryland*, 373 US 83 [1963]), despite defendant's specific request for such information, and failed to correct the witness's mistaken trial testimony that the subject charge had been dismissed, the motion court properly denied the portion of defendant's CPL 440.10 motion raising that issue. There is no reasonable possibility that the nondisclosure affected the verdict (*see People v Vilardi*, 76 NY2d 67, 73-77 [1990]), given the overwhelming evidence of defendant's guilt, and the nature of the pending charge. Concur— Lippman, P.J., Saxe, Gonzalez and Nardelli, JJ.