OPINION OF THE COURT
Gilbert C. Hong, J.
The defendant, Richard Plastik, stands charged by information with two counts of assault in the third degree (Penal Law § 120.00 [1] [one count], [2] [one count]); and one count each of attempted assault in the third degree (Penal Law §§ 110.00, 120.00 [1]); aggravated harassment in the second degree (Penal Law § 240.30 [4]); and harassment in the second degree (Penal Law § 240.26 [1]). A jury trial was commenced on April 1, 2015, during the course of which, on April 6, 2015, this court held a charge conference with both parties. At the conference, defense counsel requested that, in addition to the charges listed on the information, the court submit to the jury the charge of attempted aggravated harassment in the second degree (Penal Law §§ 110.00, 240.30 [4]) as a lesser included offense of the second degree aggravated harassment count. This court denied the defendant’s request. This opinion will set forth the rationale for that ruling.
A defendant who is tried upon an indictment and requests that a lesser included offense of any crime with which the defendant is charged be submitted to the jury is entitled to such *408 a submission so long as there exists a reasonable view of the evidence that would support a finding that the defendant, though not guilty of the crime originally charged, is guilty of the requested lesser included offense. (See CPL 300.50 [2].) No such right, however, exists with respect to a defendant who is tried upon an information. (Compare CPL 360.50 [2], with 300.50 [2].) Rather, the court has discretion to submit a lesser included offense, provided that a reasonable view of the evidence would permit a finding that the defendant committed the lesser included offense, but not the originally charged crime. (See CPL 360.50 [2].)
In determining whether to submit the proposed count of attempted aggravated harassment in the second degree to the jury, this court must first consider whether such a count comports with the definition of a lesser included offense as set forth in CPL 1.20 (37) and whether a reasonable view of the evidence would support a finding that the defendant attempted to commit — but did not actually commit — the crime of aggravated harassment in the second degree. (See People v Rivera, 23 NY3d 112, 120 [2014].) Section 1.20 (37) defines a lesser included offense. That provision reads:
“When it is impossible to commit a particular crime without concomitantly committing, by the same conduct, another offense of lesser grade or degree, the latter is, with respect to the former, a ‘lesser included offense.’ In any case in which it is legally possible to attempt to commit a crime, an attempt to commit such crime constitutes a lesser included offense with respect thereto.” (CPL 1.20 [37].)
Thus, as long as attempted aggravated harassment in the second degree (as defined in subdivision [4]) is a legally possible offense, it would properly be considered a lesser included offense of the crime of aggravated harassment in the second degree.
A person is guilty of aggravated harassment in the second degree when “[w]ith the intent to harass, annoy, threaten or alarm another person, he or she strikes, shoves, kicks or otherwise subjects another person to physical contact thereby causing physical injury to such person or to a family or household member of such person as defined in [CPL 530.11].” (Penal Law § 240.30 [4].) It follows that a defendant may be convicted of violating this subdivision if the defendant, having the appropriate mental state, causes physical injury — even if *409 the defendant never intended to cause such an injury. The Court of Appeals has held that “there can be no attempt to commit a crime which makes the causing of a certain result criminal even though wholly unintended.” (People v Campbell, 72 NY2d 602, 605 [1988].) Thus, it is not legally possible to commit the crime of attempted aggravated harassment in the second degree as that crime is defined in subdivision (4) of section 240.30 of the Penal Law. Accordingly, such a charge would not qualify as a lesser included offense and cannot be submitted to the jury.
In any event, even assuming arguendo that attempted aggravated harassment in the second degree (Penal Law §§ 110.00, 240.30 [4]) is a lesser included offense, this court does not believe it appropriate to submit this charge to the jury under the circumstances of this case. To find that any such attempt had occurred, the jury would have to believe that the defendant, while intending to annoy, threaten, or harass the victim, either subjected the victim to physical contact without causing injury or did not actually subject the victim to physical contact, but attempted to do so. Either of these possibilities would fit squarely into the definition of the violation of harassment as defined in Penal Law § 240.26 (1) — a charge that is already being submitted to the jury. A person is guilty of harassment when “with intent to harass, annoy, or alarm another person[,] [h]e or she strikes, shoves, kicks or otherwise subjects such other person to physical contact, or attempts or threatens to do the same.” (Penal Law § 240.26 [1].) The submission of an additional, and effectively duplicative, charge would serve no useful purpose and might possibly confuse the jury by requiring the jurors to decipher the difference between the two practically identical charges.
In sum, the proposed charge of attempted aggravated harassment in the second degree is not a lesser included offense of aggravated harassment in the second degree as charged in this case, and, in any event, such a charge would frustrate, rather than foster, the fair resolution of the factual issues presented at trial. For these reasons, this court declined to submit this charge to the jury.