People v Julien (2021 NY Slip Op 50957(U))

[*1]

People v Julien (Nolan)

2021 NY Slip Op 50957(U) [73 Misc 3d 131(A)]

Decided on October 8, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 8, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, J.P., MICHELLE WESTON, DAVID ELLIOT, JJ

2018-289 K CR

The People of the State of New York,
Respondent,
against
Nolan Julien, Appellant. 

Appellate Advocates (Sam Feldman of counsel), for appellant.
Kings County District Attorney (Leonard Joblove and Ruth E. Ross of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County (Jane
C. Tully, J.), rendered January 25, 2018. The judgment convicted defendant, after a nonjury trial,
of attempted forcible touching, sexual abuse in the third degree, attempted sexual abuse in the
second degree, attempted aggravated harassment in the second degree, attempted endangering the
welfare of a child and harassment in the second degree, and imposed sentence.

ORDERED that the judgment of conviction is modified, on the law, by vacating the
conviction of attempted aggravated harassment in the second degree and dismissing the count of
the accusatory instrument charging that offense; as so modified, the judgment of conviction is
affirmed.
Following a nonjury trial, defendant was convicted of attempted forcible touching (Penal
Law §§ 110.00, 130.52 [2]), sexual abuse in the third degree (Penal Law §
130.55), attempted sexual abuse in the second degree (Penal Law §§ 110.00, 130.60
[2]), attempted aggravated harassment in the second degree (Penal Law §§ 110.00,
240.30 [4]), attempted endangering the welfare of a child (Penal Law §§ 110.00,
260.10 [1]) and harassment in the second degree (Penal Law § 240.26 [1]).
Viewing the evidence in the light most favorable to the People (see People v Contes,
60 NY2d 620, 621 [1983]), we find, contrary to defendant's contention, that the evidence was
legally [*2]sufficient to establish defendant's guilt of attempted
forcible touching (Penal Law §§ 110.00, 130.52 [2]), sexual abuse in the third degree
(Penal Law § 130.55) and attempted sexual abuse in the second degree (Penal Law
§§ 110.00, 130.60 [2]) beyond a reasonable doubt. Grabbing a child, who was less
than 14 years old, holding her down on the floor while laying on top of her and biting her neck,
leaving a purple mark, constituted "sexual contact" (Penal Law § 130.00 [3]) with an
intimate part of the body (see People v
Sene, 66 AD3d 427, 427 [2009]). Furthermore, the intent to gain sexual gratification
was properly inferred from the nature of the act committed and the circumstances under which it
occurred (see People v Ditta, 52 NY2d 657, 660 [1981]; People v Rodriguez, 1 Misc 3d 8,
9 [App Term, 2d Dept, 2d & 11th Jud Dists 2003]).
In fulfilling our responsibility to conduct an independent review of the weight of the
evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we accord great
deference to the factfinder's opportunity to view the witnesses, hear their testimony, observe their
demeanor and assess their credibility (see People v Lane, 7 NY3d 888, 890 [2006]; People v
Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]; People v Zephyrin, 52 AD3d 543
[2008]). Weight of the evidence review requires that the reviewing court determine if an acquittal
would not have been unreasonable, and, if so, the court must weigh the conflicting testimony,
review any rational inferences that may be drawn from the evidence, and evaluate the strength of
such conclusions, to determine whether the trier of fact was justified in finding the defendant
guilty beyond a reasonable doubt (see People v Danielson, 9 NY3d at 348; People v
Bleakley, 69 NY2d at 495; People v Zephyrin, 52 AD3d at 543). The resolution of
credibility issues is primarily a determination for the trier of fact, which should not be disturbed
"unless the trier of fact has failed to give the evidence the weight it should be accorded" (People v Khanna, 14 Misc 3d
128[A], 2006 NY Slip Op 52507[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists
2006]; see People v Romero, 7
NY3d 633, 644-645 [2006]; People v Olsen, 22 NY2d 230 [1968]). Contrary to
defendant's contention, we are satisfied that so much of the verdict as found defendant guilty of
attempted forcible touching, sexual abuse in the third degree, attempted sexual abuse in the
second degree, attempted endangering the welfare of a child and harassment in the second degree
was not against the weight of the evidence (see People v Romero, 7 NY3d at 643-644;
People v Bleakley, 69 NY2d at 493).
With respect to the count charging defendant with attempted aggravated harassment in the
second degree (Penal Law §§ 110.00, 240.30 [4]), the "culpable mental state is not an
intent to cause physical injury; it is an intent 'to harass, annoy, threaten or alarm another person.'
Thus, while 'physical injury' must be the consequence, it need not have been intended" (William
C. Donnino, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, Penal Law §
240.30). 
In People v Campbell (72 NY2d 602 [1988]), the Court of Appeals reversed
defendant's conviction of attempted assault in the second degree on the ground that such offense
was a legal impossibility. The logic and rationale of Campbell control and dictate that the
charge of attempted aggravated harassment in the second degree in violation of Penal Law §
240.30 (4) does not qualify as a cognizable offense "because this crime imposes strict liability for
a result—causing [physical] injury—[and] culpability would be imposed even if the
resulting injury was wholly unintended" (People v Miller, 87 NY2d 211, 217 [1995]
[internal quotation marks omitted]; see People v Campbell, 72 NY2d at 605-606; Matter of V.L-W., 64 Misc 3d
1224[A], [*3]2019 NY Slip Op 51285[U] [Fam Ct, Nassau
County 2019]; People v Plastik, 48
Misc 3d 406 [Crim Ct, NY County 2015]). 
Defendant's remaining contentions are that he was entitled to a jury trial due to his
immigration status (see People v Suazo, 29 NY3d 1087 [2017]) and that he was denied
the right to present a defense. However, defendant has made a specific request to this court that,
in the event this court were inclined to reverse the judgment of conviction on these grounds and
order a new trial rather than dismissing the prosecutor's information, this court should affirm the
judgment of conviction. Even were we to accept defendant's contentions that so much of the
judgment as convicted him of attempted forcible touching, sexual abuse in the third degree,
attempted sexual abuse in the in the second degree, attempted endangering the welfare of a child
and harassment in the second degree should be reversed on either of these two grounds, we find
that his specific request for dismissal of the charges would not be an appropriate remedy. In view
of the serious nature of these counts, a penological purpose would be served by remanding the
matter for further proceedings (see
People v Conceicao, 26 NY3d 375, 385 n [2015]). Thus, in accordance with defendant's
specific request, we affirm the portion of the judgment convicting defendant of attempted
forcible touching, sexual abuse in the third degree, attempted sexual abuse in the second degree,
attempted endangering the welfare of a child and harassment in the second degree, without
reviewing defendant's remaining contentions (see e.g. People v Jeudy, 153 AD3d 1203 [2017]; People v Teron, 139 AD3d 450
[2016]; People v Hough, 176 AD2d 964 [1991]; People v Vaughn, 119 AD2d
779 [1986]; People v Vasquez, 63
Misc 3d 137[A], 2019 NY Slip Op 50524[U] [App Term, 2d Dept, 2d, 11th & 13th Jud
Dists 2019]; People v Mizrahi, 62 Misc 3d 139[A], 2019 NY Slip Op 50053[U] [App
Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]).
Accordingly, the judgment of conviction is modified by vacating the conviction of attempted
aggravated harassment in the second degree and dismissing that count of the accusatory
instrument.
TOUSSAINT, J.P., WESTON and ELLIOT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 8, 2021