People v Quispe (2022 NY Slip Op 50944(U))

[*1]

People v Quispe (Antonio)

2022 NY Slip Op 50944(U) [76 Misc 3d 135(A)]

Decided on September 27, 2022

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on September 27, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Brigantti, J.P., Tisch, Michael, JJ.

570481/16

The People of the State of New York,
Respondent, 
against
Antonio Quispe, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Heidi C. Cesare, J.), rendered May 26, 2016, convicting him, upon his plea of
guilty, of sexual abuse in the third degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Heidi C. Cesare, J.), rendered May 26, 2016, affirmed.
In view of defendant's knowing waiver of his right to prosecution by information, the
accusatory instrument only had to satisfy the reasonable cause requirement (see People v Dumay, 23 NY3d
518, 522 [2014]). So viewed, the accusatory instrument was jurisdictionally valid because it
described facts of an evidentiary nature establishing reasonable cause to believe that defendant
was guilty of sexual abuse in the third degree (see Penal Law § 130.55). The
instrument recited that defendant "push[ed] his groin against a woman's buttocks" near the ice
skating rink at Rockefeller Center and "repeatedly rub[bed] against her"; that the victim "turn[ed]
around and look[ed]" at defendant, appearing "alarmed"; and that defendant repeated this conduct
after the victim moved away. The deponent officer further stated that defendant engaged in the
same conduct with four additional women, one of whom appeared "annoyed, angry and alarmed"
and stated that defendant "humped me." These allegations were sufficient to support the
inference that defendant acted for the purpose of sexual gratification and without the victims'
consent (see People v Bookard, 167
AD3d 424 [2018], lv denied 32 NY3d 1169 [2019]; see also People v Hatton, 26 NY3d
364, 370 [2015]; People v Guaman,
22 NY3d 678 [2014]). The absence of a verbal protest by the victims does not compel a
finding that she impliedly acquiesced in the sexual contact to which she was subjected
(see Penal Law § 130.05[2][c]; People v D'Alessio, 9 Misc 3d 64 [2005], lv denied 5 NY3d
851 [2005]).
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court
Decision Date: September 27, 2022