People v Wall (2025 NY Slip Op 02555)

People v Wall

2025 NY Slip Op 02555

Decided on April 29, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 29, 2025

Before: Kern, J.P., Kennedy, Friedman, Gesmer, Scarpulla, JJ. 

Ind. No. 73821/22|Appeal No. 4213, M-2025-01276|Case No. 2023-01824|

[*1]The People of the State of New York, Respondent,
v
Messiah Wall, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Danielle A. Bernstein of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Sarah Lubin of counsel), for respondent.

Judgment, Supreme Court, New York County (Robert M. Mandelbaum, J.), rendered March 21, 2023, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree, and sentencing him to a term of four years, unanimously affirmed.
We consider the suppression issue presented in accordance with our ruling granting defendant's motion to strike all portions of the People's Brief indicating that the officers knew that defendant was a gang member (M 2025-01276). Even without that information, the police officers' observation, first by monitoring footage in real time from NYPD surveillance cameras and then in person, that defendant had a heavy, L-shaped object "in the shape of a firearm" in the right pocket of his otherwise form-fitting sweatpants while standing at a drug-prone corner provided them with reasonable suspicion that defendant possessed a gun (see e.g. People v Wright, 253 AD2d 720, 720 [1st Dept 1998], lv denied 92 NY2d 986 [1998]). Even if the officers did not have reasonable suspicion upon pulling up a car-length away from defendant, but only a founded suspicion that criminality was afoot, defendant's flight upon making eye contact with the arresting officer elevated the level of suspicion to reasonable suspicion (see e.g. People v Ramirez, 169 AD3d 566, 567 [1st Dept 2019], lv denied 33 NY3d 980 [2019]; People v Pines, 281 AD2d 311, 312 [1st Dept 2001], affd 99 NY2d 525 [2022]).
Furthermore, we reject defendant's argument that the reasonable suspicion calculus in this case was altered by the United States Supreme Court's decision in New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1 [2022]). The argument is unpreserved because it was not asserted before the trial court, and we decline to review it in the interest of justice. As an alternative holding, we find that the argument fails on the merits because Bruen did not change the probabilities that govern whether an ordinarily prudent and cautious person would believe that unlawful conduct was occurring (see People v Cantor, 36 NY2d 106, 113 [1975]; but see United States v Homer, 715 F Supp 3d 413 [ED NY 2024]). Even if the police had assumed that defendant possessed a permit for the gun that could be seen in his pocket, defendant still would have been in violation of Penal Law § 400.00(15) for openly carrying a firearm, which would have independently justified the approach of police.
We perceive no basis for reducing defendant's sentence.
M-2025-01276 — People v Messiah Wall
Motion to strike requested portions of the People's Respondent's Brief, granted.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 29, 2025